UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTATE OF EITAM HENKIN, *et al.* | : |
| Plaintiffs, | : : : |
| -against- | : **CIVIL CASE MANAGEMENT PLAN** : : No. 19-cv-05394-BMC |
| KUVEYT TÜRK KATILIM BANKASI A.Ş., | : : : |
| Defendant. | : : |

**COGAN**, District Judge

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Federal Rules of Civil Procedure 16 and 26(f).

**A.**   The case **is** to be tried to a jury.

**B.**   Non-Expert Discovery:

1. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York. All non-expert document discovery is to be completed by 120 days after resolution of any bank confidentiality, data protection, or other foreign law issues concerning document production or September 1, 2021, whichever is later. All non-expert discovery (including written discovery and fact witness depositions) is to be completed by 120 days after completion of non-expert document discovery, which shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can meet the discovery completion date.

The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

   2. Joinder of additional parties must be accomplished by **March 1, 2021**.

   3. Amended pleadings may be filed without leave of the Court until **March 1, 2021**.

**C.**   For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

1

**D**.  Motions:

    1.  No later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs.

    2.  The last day for filing a letter, pursuant to Rule III.A.2 of the Court's Individual Practices, requesting a premotion conference in order to file dispositive motions shall be **10 days after the completion of expert discovery**.

        a.  There shall be no cross-motions. Any motions not made by the agreed date shall, unless the Court orders otherwise, not be considered until after the timely-filed motion is determined.

        b.  Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Practices.

**E**.  Any request for relief from a date provided in this Case Management Plan shall conform to the Court's Individual Practices and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

**F**.  Pre-Trial Motions:

    Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Court's Individual Rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

**SO ORDERED**.

Dated:  Brooklyn, New York
       _____ \_\_\_, 2020                                       U.S.D.J.

# ATTACHMENT A

## *Henkin et al v. Kuveyt Turk Katilim Bankasi A.S.*
## PROPOSED DISCOVERY PLAN

| Discovery Activity | Proposed Completion Date |
|---|---|
| **I. Actions Required After the Initial Conference** | |
| 1. Rule 26(f) Conference | October 29, 2020 |
| 2. Confidentiality / Fed. R. Evid. 502 Order discussed | October 29, 2020 |
| 3. Procedures for producing Electronically Stored Information (ESI) discussed | October 29, 2020 |
| 4. Submission of Proposed Case Management Order | November 3, 2020 |
| 5. Initial Case Management Conference | November 12, 2020 |
| 6. Rule 26(a)(1) disclosures exchanged | December 22, 2020 |
| **II. Settlement** | |
| 1. Plaintiffs' Settlement Demand | N/A |
| 2. Defendant's Settlement Offer | N/A |
| 3. Referral to EDNY mediation program, per L.R. 83.8 | N/A |
| 4. Settlement Conference | N/A |
| **III. Proposed Discovery Deadlines** | |
| 1. Motion to join new parties or amend pleadings without leave of court | March 1, 2021 |
| 2. Plaintiffs' initial document requests and interrogatories | November 2, 2020 |
| 3. Defendant's responses and objections to Plaintiffs' initial document requests and interrogatories | December 16, 2020 |

| | |
|---|---|
| 4. Defendant to update Court re any bank confidentiality, data protection, or other foreign law issues that arise in connection with Plaintiffs' initial document requests and interrogatories and the efforts of the parties to resolve and impediments to disclosure[1] | January 15, 2021 |
| 5. Plaintiffs to file any motion to compel regarding the Defendant's responses and objections to Plaintiffs' initial document requests and interrogatories and January 15, 2021 submission (if necessary) | February 5, 2021 |
| 6. Defendants to file any opposition to Plaintiffs' motion to compel regarding their initial document requests and interrogatories (if necessary) | February 26, 2021 |
| 7. Plaintiffs to file any reply in support of their motion to compel regarding their initial document requests and interrogatories (if necessary) | March 5, 2021 |
| 8. Deadline for the Parties to make good faith efforts to serve comprehensive document requests on the opposing Party/Parties | March 12, 2021 |
| 9. Completion of Fact Document Discovery | Document productions will be rolling productions to be completed 120 days after resolution of any bank confidentiality, data protection, or other foreign law issues concerning document production or by September 1, 2021, whichever is later. |
| 10. Completion of Fact Discovery (to include written discovery, other than that addressed above, and fact witness depositions) | 120 days after completion of Fact Document Discovery |

---

[1] If foreign law restricts the production of any categories of documents that are responsive to Plaintiffs' initial document requests, the parties will meet and confer in advance of this submission in an effort to agree upon steps to pursue to address those restrictions imposed by foreign law.

| | |
|---|---|
| 11. Deadline to file pre-motion letter requesting informal conference with the Court regarding motion to compel on any Document Discovery issue[2] | 14 days after the conclusion of Document Discovery, unless good cause is shown for a later submission |
| 12. Completion of Expert Discovery | The parties will meet and confer and submit a proposal to the Court 30 days before the close of Fact Discovery. |
| 13. Last day to file letter requesting pre-motion conference in order to file dispositive motions and *Daubert* motions | 10 days after the completion of expert discovery |

**This Scheduling Order may be altered or amended based on circumstances not foreseeable as of the date of this Order, or otherwise beyond the control of the parties.**

**Discovery Limits**

   The parties agree to the limits on the number of depositions and interrogatories provided for in the Federal Rules of Civil Procedure. The parties nonetheless agree to meet and confer in good faith regarding any parties' request for an exception to those limitations.

---

[2] All discovery disputes in this matter, other than the briefing specified herein, require a joint letter describing discovery dispute and requesting an informal conference with the Court before formal motions practice, pursuant to Standing Order III.A.I, LR 37.2.

## ATTACHMENT B

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

**1.     PLAINTIFF'S CLAIMS**

Plaintiffs provide the following initial components of damages. Discovery is ongoing, and Plaintiffs reserve the right to amend the following descriptions, including to provide additional components of damages.

**Estate of Eitam Henkin:**

- Economic damages for his wrongful death in an amount to be provided through expert testimony
- Non-economic survival damages in an amount to be determined at trial

**Estate of Naama Henkin, I.Z.H., M.H.H., N.E.H., N.Y.H.:**

- Non-economic damages in an amount to be determined at trial

**All Plaintiffs:**

- Treble damages, in an amount to be determined at trial
- Costs, including attorney fees, in an amount to be determined in post-trial proceedings
- Pre-judgment and post-judgment interest, in an amount to be determined in post-trial proceedings

**2.     COUNTERCLAIMS AND CROSS-CLAIMS:**

No counterclaims have been filed.

**3.     THIRD-PARTY CLAIMS:**

No third-party claims have been filed.