UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
ESTATE OF EITAM HENKIN, et al.,                                :    **MEMORANDUM OPINION**
                                                               :
                                            Plaintiffs,        :    19-cv-5394 (BMC)
                                                               :
                 - against -                                   :
                                                               :
KUVEYT TURK KATILIM BANKASI, A.S.,                             :
                                                               :
                                            Defendant.         :
-------------------------------------------------------------- X

**COGAN,** District Judge.

This action arises after a husband and wife were killed during a terrorist attack in the West Bank in 2015. Their respective estates and surviving children bring a claim under the civil liability provision of the Anti-Terrorism Act (the "ATA"), 18 U.S.C. § 2333(a), as amended by the Justice Against State Sponsors of Terrorism Act ("JASTA"), Pub. L. No. 114-222, 130 Stat. 852, against a Turkish Bank, Kuveyt Turk Katilim Bankasi, A.S., for allegedly aiding and abetting the terrorist organization responsible for the killings.

Before me is defendant's motion under 28 U.S.C. § 1292(b) to certify for appeal this Court's Memorandum Decision and Order denying its motion to dismiss.[1] I granted the motion at oral argument to be followed by this written opinion. My Order denying the motion to dismiss is hereby amended to include the required certification for appeal. The following question is presented to the Circuit:

---

[1] See Henkin v. Kuveyt Turk Katilim Bankasi, A.S., --- F. Supp. 3d ----, 2020 WL 6143654 (E.D.N.Y. Oct. 20, 2020).

> Under the ATA/JASTA, what amount and type of media coverage, governmental pronouncements, and other publicly available information – if any – is sufficient circumstantial evidence for a plaintiff to plead a plausible claim that a financial institution was aware that, by providing financial services to a client, it was thereby playing a role in violent or life-endangering activities as an aider and abettor?

When I denied defendant's motion to dismiss, I rejected defendant's contention that plaintiffs were required to plead with specificity that the bank read or was actually aware of information connecting its customers to a terrorist organization to survive a motion to dismiss. My view is that while actually awareness is likely the proper standard of proof at trial, it would ask too much of a plaintiff to be able to plead facts showing actual, as opposed to plausible, knowledge, prior to discovery.

Defendant relied on several district court cases for its contrary argument, two of which are currently before the Second Circuit. The first, Kaplan v. Lebanese Canadian Bank, SAL, 405 F. Supp. 3d 525, 535 (S.D.N.Y. 2019), appeal docketed, No. 19-3522 (2d Cir. Oct. 21, 2019), is scheduled for oral argument on November 19, 2020. Then, on December 10, 2020, the Circuit will hear arguments in Honickman for Estate of Goldstein v. BLOM Bank SAL, 432 F. Supp. 3d 253, 265 (E.D.N.Y. 2020), appeal docketed, No. 20-575 (2d Cir. Feb. 13, 2020).

I disagreed with the reasoning in these cases because I believe that Second Circuit precedent permitted a plaintiff to show a defendant-bank's knowledge and state of mind at the pleading stage through circumstantial evidence, including publicly available information existing before the terrorist attack at issue. Therefore, analogizing the instant case to Halberstam v. Welch, 705 F.2d 472 (D.C. Cir. 1983),[2] and drawing all reasonable inferences in plaintiffs'

---

[2] JASTA states that the case provides the "proper legal framework" for "[f]ederal civil aiding and abetting and conspiracy claims." § 2(a)(5).

favor, I concluded that plaintiffs had adequately nudged their claim of secondary liability under the ATA "across the line from conceivable to plausible." Henkin, 2020 WL 6143654, at *7-8.

I can certify an order for interlocutory review under 28 U.S.C. § 1292(b) when the order "involves a controlling question of law as to which there is substantial ground or difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

I am convinced that this case has the exceptional circumstances necessary to justify certifying the case for interlocutory review. First, this case presents a controlling question of law, namely, whether a plaintiff can sufficiently plead the "general-awareness" element relying on circumstantial evidence, including publicly available information. The answer to this question "would materially affect the litigation's outcome." Capitol Records, LLC v. Vimeo, LLC, 972 F. Supp. 2d 537, 552 (S.D.N.Y. 2013) (citation omitted). Further, it has the potential to impact a large number of other cases, see Primavera Familienstifung v. Askin, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001), as well as the practices of countless banks throughout the globe.[3] It is also a recurrent issue in this Circuit.

Second, I recognize a substantial ground for difference of opinion on this issue. In Kaplan, the court reached the opposite result when confronting similar, although in my view less compelling, allegations. There, the plaintiff attempted to plead the bank's knowledge circumstantially by pointing out that the bank's customers' affiliation with Hezbollah was "notorious public knowledge," as evidenced by various news articles, reports, and Hezbollah's

---

[3] Three other cases are pending in district courts in this Circuit that present the same or a similar issue. See, e.g., Barlett v. Societe General de Banque au Liban SAL, No. 19-cv-7 (E.D.N.Y. filed Jan. 1, 2019); Singer v. Bank of Palestine, No. 19-cv-6 (E.D.N.Y. filed Jan. 1, 2019); Averbach v. Cairo Amman Bank, No. 19-cv-4 (S.D.N.Y. filed Jan. 1, 2019).

own media sources. 405 F. Supp. 3d at 529. Nevertheless, the court deemed this insufficient to survive a motion to dismiss because the "plaintiffs nowhere allege, however, that defendant read or was aware of such sources." Id. at 535. Following Kaplan, the court in Honickman applied a similar analysis when granting the defendant-bank's motion to dismiss. See 432 F. Supp. 3d at 267. Since both cases are currently before the Second Circuit, and I came to a conflicting conclusion, I find that the second statutory factor has been satisfied. See Capitol Records, LLC, 972 F. Supp. 2d at 552.

Finally, an immediate appeal of my order would advance the ultimate termination of the litigation. If I am incorrect about the use of circumstantial evidence when pleading the general-awareness element, then this lawsuit will end, thereby sparing the parties the expense of discovery. If, however, my ruling is affirmed, then the parties can proceed to discovery and trial.

Defendant's motion [30] to take appeal of this Court's October 20, 2020 Order pursuant to 28 U.S.C. § 1292(b) is granted. As stated on the record, this certification is conditional on defendant seeking either consolidation or determination of the appeal together with the appeals in Kaplan and Honickman, so that the Second Circuit, if it also grants certification, may exercise its discretion to determine these cases together if it so inclined.

**SO ORDERED.**

                                                                                             _____
                                                                                                              U.S.D.J.

Dated: Brooklyn, New York
        November 13, 2020