# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-5572
scottreau@jonesday.com

November 18, 2020

<u>VIA ECF</u>

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Confirmation of Stay in *Estate of Eitam Henkin, et al. v. Kuveyt Türk Katilim Bankasi A.Ş.*, Case No. 1:19-cv-05394-BMC

Dear Judge Cogan:

      We represent Defendant Kuveyt Türk Katilim Bankasi A.Ş. ("Defendant" or "Kuveyt Türk") in the above-referenced action. We write this unopposed letter regarding the scope of the Court's stay order.

      On November 12, 2020, the Court granted Defendant's motion for § 1292(b) certification, subject to certain conditions, and stayed discovery. *See* Minute Entry Order (Nov. 12, 2020) ("Discovery stayed pending further Order."); *see also* Hearing Tr. at 13:20-22; 14:6-8; 10 (Nov. 12, 2020) ("I'm only going to stay discovery until we get a disposition from the Second Circuit on this motion;… I'm not inclined to open it up fully if there is a 1292(b) certification granted by both courts…. So I am going to stay it until then.").

      We write to ensure that we understand the scope of the Court's stay order. We understand that the Court's order stays Kuveyt Türk's obligation to submit its answer (previously due on November 30, 2020) and the Parties' obligations to exchange initial disclosures (previously due on December 22, 2020). *See* Oct. 27, 2020 Dkt. Order. Out of an abundance of caution, we request the Court's confirmation that this understanding is correct.

      In the alternative, Defendant respectfully requests that the Court extend its stay order to include a stay of the Parties' initial disclosures and Defendant's obligation to answer. ***Plaintiffs do not oppose*** this request seeking clarification or, in the alternative, for an expansion of the stay to cover both initial disclosures and the answer.

      <u>First</u>, initial disclosures are a form of discovery under Federal Rule of Civil Procedure 26, and thus we believe are included within the Court's contemplated discovery stay. <u>Second</u>, the

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. Brian M. Cogan
November 18, 2020
Page 2

Court has discretion to stay Kuveyt Türk's answer, which "has little reason to proceed" until the Second Circuit resolves the request for interlocutory appeal of Defendant's motion to dismiss. *United States ex rel. Wood v. Allergan, Inc.*, 2017 WL 1843288, at *2 (S.D.N.Y. May 4, 2017) (requiring defendant to "file its answer . . . within twenty-one days of the stay being lifted" because "the Court sees little reason to proceed until the Second Circuit resolves whether to accept the case for interlocutory review (and, if it does, until the Circuit rules on appeal)").

In granting Defendant's motion for certification of interlocutory appeal, this Court acknowledged the possibility of a different outcome on Defendant's motion to dismiss and a termination of this case. *See* Mem. Op. at 4 (Nov. 13, 2020), ECF No. 36 ("If I am incorrect about the use of circumstantial evidence when pleading the general-awareness element, then this lawsuit will end, thereby sparing the parties the expense of discovery."). A termination of this case would render the filing of an answer and service of initial disclosures unnecessary. Moreover, preparing an answer and initial disclosures will require a significant amount of factual investigation, including a review of Turkish language documents and consultation with employees who may not speak English, and likely implicating issues related to Turkish confidentiality and privacy laws that Defendant continues to work to resolve. Given these considerations, Kuveyt Türk's obligation to file an answer and exchange initial disclosures should also be stayed until the Second Circuit determines whether to hear the appeal and this Court then determines how, if at all, this case will proceed.

We defer to the Court as to whether any additional briefing or a conference is required as a result of this letter. We are grateful to the Court for its understanding, guidance, and consideration.

Respectfully submitted,

Steven T. Cottreau

cc: Michael A. Petrino (via electronic mail and ECF)
Jonathan E. Missner (via ECF)
Gary M. Osen (via ECF)
Aaron Schlanger (via ECF)
Gavriel Marone (via ECF)