E.D.N.Y.
19-cv-5394
Brian M. Cogan, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

  At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty-one.

PRESENT:
    José A. Cabranes,
    Reena Raggi,
    Richard J. Sullivan,
      *Circuit Judges.*

---

Kuveyt Türk Katilim Bankasi A.Ş.,

      *Petitioner*,

  v.

Estate of Eitam Henkin, Estate of Naama Henkin, I.Z.H., a Minor, By His Guardians Ad Litem Yoav Armoni and David Jackson, M.H.H., a Minor, By His Guardians Ad Litem Yoav Armoni And David Jackson, N.E.H., a Minor, By His Guardians Ad Litem Yoav Armoni and David Jackson, N.Y.H., a Minor, By His Guardians Ad Litem Yoav Armoni and David Jackson,

      *Respondents*.

**ORDER**

20-3939-cv

---

  Defendant-Petitioner Kuveyt Türk Katilim Bankasi A.Ş. ("the Bank") seeks leave to appeal an order of the District Court dated October 10, 2020, denying the Bank's motion to dismiss an action brought by the Estate and surviving children of Eitam and Naama Henkin (together, "Plaintiffs-Respondents") under the Anti-Terrorism Act, as amended by the Justice Against Sponsors of Terrorism Act ("JASTA"). 18 U.S.C. § 2333(d)(2).

The District Court denied the Bank's motion to dismiss the complaint, concluding that the Estate had adequately pleaded the "general-awareness" element of a JASTA aiding-and-abetting claim against the Bank by relying on circumstantial evidence, including publicly available information, linking three of its customers to Hamas, a designated Foreign Terrorist Organization. A.22. The District Court certified its order for interlocutory appeal under 28 U.S.C. § 1292(b). The Bank then timely filed this petition, seeking leave to appeal in this Court.

Appellate review is generally limited to final decisions of a district court. 28 U.S.C. § 1291. However, a district court may certify an interlocutory order for appeal if the "order involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). After the district court certifies an order, this Court may grant leave to appeal if it determines that these requirements have been satisfied and that an appeal is warranted as a matter of discretion. *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 23 (2d Cir. 1990).

We conclude that the Bank has met its burden of satisfying Section 1292(b)'s requirements. This issue is controlling and immediate appeal thereof will materially advance the litigation. Indeed, if we find that the Estate has not met the pleading standard for an aiding-and-abetting claim under JASTA, that finding will terminate the litigation. *See Klinghoffer*, 921 F.2d at 24; *see also In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978). In the absence of controlling authority for this difficult question of law, as the District Court noted, there are substantial grounds for difference of opinion on this issue. *See Klinghoffer*, 921 F.2d at 25. Accordingly, in our discretion, we determine that in these circumstances, an appeal is warranted.

We nevertheless decline to set an expedited briefing schedule for this matter on appeal. We further decline to consolidate this case with *Reuvane v. Am. Express Bank Ltd.*, No. 19-3522-cv, and *Honickman v. BLOM Bank*, No. 20-575-cv, which have already been briefed and argued in this Court as of December 2020, or to otherwise consider the cases together. We will, however, hold this appeal in abeyance pending the decision in *Reuvane*. Upon issuance of that decision, this appeal will proceed in the normal course.

We have considered all arguments raised by the Estate in opposing this petition and we find they are without merit. The Bank's petition for leave to appeal is hereby GRANTED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

CERTIFIED COPY ISSUED ON 03/04/2021