Stein Mitchell Beato & Missner LLP

MICHAEL A. PETRINO
mpetrino@steinmitchell.com | *Direct* 202.601.1604

901 15th Street, NW Suite 700
Washington, DC 20005

P 202.737.7777
F 202.296.8312

www.steinmitchell.com

October 14, 2022

**VIA ECF**

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Estate of Eitam Henkin, et al. v. Kuveyt Bank*, No. 1:19-cv-05394-BMC

Dear Judge Cogan:

Plaintiffs write in brief response to Defendant's pre-motion conference letter seeking leave to move for reconsideration of this Court's decision denying its motion to dismiss, ECF No. 27, or, in the alternative, for judgment on the pleadings.

Defendant's request represents a creative reading of the Second Circuit Court of Appeal's dismissal of its appeal of this Court's decision. *See* ECF No. 44. Defendant contends that although the Second Circuit dismissed Defendant's appeal (briskly, just a week after oral argument), it *actually* meant to hint that this Court should vacate its decision because it remanded the case "for further proceedings … consistent" with recent Second Circuit cases elaborating on JASTA pleading standards.

Defendant, of course, sought vacatur of this Court's decision given those very standards, but the Second Circuit declined to do so. In fact, its counsel argued for even less—acknowledging that "obviously, if this Complaint is found insufficient, it would be totally appropriate for the Plaintiffs to have a chance to replead, given the new standards," *see* Exhibit A (unofficial transcript of the Sept. 22, 2022, argument before the Circuit) at 37—but the Second Circuit still declined to grant even this relatively low-stakes relief.[1]

Instead, as is clear from the oral argument, the Second Circuit in no way suggested the complaint was implausible. *See, e.g.*, *id.* at 13 (JUDGE WESLEY: "[I]f we go [Defendant's] way, … that then twists plausibility"), 16 (JUDGE RAGGI: "We're saying that this is enough to plead a plausible claim."). The parties and the Second Circuit Panel discussed whether amendment was

---

[1] That Defendant now argues that judgment on the pleadings is appropriate shows the extent to which it has reimagined the parties' argument before the Court of Appeals. Additionally, a Rule 12(c) motion for judgment on the pleadings is premature. The pleadings are not "closed" per Rule 12(c) because Defendant has not yet answered the Complaint.

necessary, *see id.* at 7, 29, 32, 33, and yet the Second Circuit declined to vacate the decision with instructions to amend on remand.

Finally, Defendant's pre-motion conference letter *still* misstates the JASTA pleading standard for knowing substantial assistance, further suggesting that its requested relief is not a serious attempt to follow the Second Circuit's directives.[2]

Respectfully submitted,

*/s/ Michael A. Petrino*
Michael A. Petrino (*pro hac vice*)

Attachment
Cc: All counsel of record (via ECF)

---

[2] Defendant's letter states that as to substantial assistance, the Second Circuit required "actual knowledge of [the] red flags that could have apprised them of their customer's nefarious activities." Letter at 3 n.1 (citing *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 863-64 (2d Cir. 2021)). But "[t]he 'knowledge component' is satisfied '[i]f the defendant knowingly—and not innocently or inadvertently—gave assistance.'… It d[oes] not require [defendant] to 'know' anything more … than what [it] knew for the general awareness element." *Honickman v. BLOM Bank SAL*, 6 F.4th 487, 499–500 (2d Cir. 2021) (quoting *Kaplan*, 999 F.3d at 864). *See also Atchley v. AstraZeneca UK Ltd.*, 22 F.4th 204, 222 (D.C. Cir. 2022) ("Defendants do not argue that their provision of cash and free goods was in any way accidental, so the assistance was given knowingly.").