**Stein Mitchell Beato & Missner** LLP

MICHAEL A. PETRINO
mpetrino@steinmitchell.com | **Direct** 202.601.1604

901 15th Street, NW Suite 700
Washington, DC 20005

P 202.737.7777
F 202.296.8312

www.steinmitchell.com

April 17, 2023

**VIA ECF**

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *Estate of Eitam Henkin, et al. v. Kuveyt Bank*, No. 1:19-cv-05394-BMC

Dear Judge Cogan:

      Plaintiffs write in response to Defendant's April 11, 2023 letter, advising the Court of the decisions in *Przewozman v. Qatar Charity*, 2023 WL 2562537 (E.D.N.Y. Mar. 17, 2023) and in a similar case brought by different members of the Henkin family through separate counsel, *Henkin v. Qatar Charity*, 2023 WL 2734788 (E.D.N.Y. Mar. 31, 2023).

      Defendant does not bring the specific factual allegations of either case to the Court's attention. Defendant instead asserts that, to plead a *prima face* case of personal jurisdiction, Plaintiffs must allege "a causal link" between transactions processed through the United States and the attacks at issue. *Przewozman*, 2023 WL 2562537, at *15. This argument is directly contrary to the Second Circuit and New York Court of Appeal's controlling analysis: "The Court of Appeals made clear that the 'arising from' prong of section 302(a)(1) ***does not require a causal link*** between the defendant's New York business activity and a plaintiff's injury." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013) (emphasis added); *see also Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021) ("None of our precedents has suggested that only a strict causal relationship between the defendant's in-state activity and the litigation will do.").

      In any event, neither case supports the Defendant's pending motion to dismiss. *Przewozman* found the plaintiffs failed to allege a *prima facie* case of personal jurisdiction against the Qatari bank Masraf al Rayan because the complaint there did not "allege that the correspondent account was used for currency exchanges" and "is entirely devoid of statements regarding the volume and frequency of transfers." 2023 WL 2562537, at *11. The court also based its ruling on a "temporal gap" between 2015 transfers and the 2019 attack alleged there. *Id.* at *13. The complaint in *Henkin v. Qatar* is "nearly identical" to the complaint in *Przewozman*. *Henkin v. Qatar Charity*, 2023 WL 2734788, at *3. The court similarly found that the complaint failed to

allege personal jurisdiction against Masraf al Rayan, for the reasons stated in *Przewozman*. *Id.* & *10.¹

      The complaint in this case presents none of those issues. Here, Plaintiffs have alleged that Kuveyt Türk used its correspondent accounts to conduct currency exchanges from at least the period 2012 through 2016, and in the years immediately preceding the 2015 and 2018 attacks at issue, Kuveyt Türk transferred at least hundreds of thousands of Eurodollars through an account in the name of Islamic University Gaza ("IUG"), a core Hamas Institution. Am. Compl. ¶¶ 4-6, 414-419. In *Licci*, likewise, Plaintiffs were only required to show that the defendant bank processed transactions for core Hezbollah institutions, primarily the Shahid Foundation (as well as two officers), through a correspondent account in New York—without linking specific transactions to specific attacks.

      Notably, the court in *Henkin v. Qatar Charity* ordered the parties to conduct jurisdictional discovery. The court credited the plaintiffs' statement that "there is no way for them to know, without some discovery, anything about the number of transfers, the amounts transferred, or the denominations in which the transfers were made, information in the control of Masraf al Rayan and [the customer at issue]." *Id.* at *11. Given the distinguishable (and much stronger) jurisdictional allegations here, the Court should deny Defendant's motion to dismiss—or, at most, order jurisdictional discovery for Defendant's transfers on behalf of its Hamas customers (rather than the attacks themselves).

                                                 Respectfully submitted,

                                                 */s/ Michael A. Petrino*
                                                 Michael A. Petrino (*pro hac vice*)

Cc: All counsel of record (via ECF)

---

¹     Both decisions also found no personal jurisdiction over a second bank, Qatar National Bank, where plaintiffs relied solely on a theory of co-conspiracy jurisdiction without alleging any forum contacts. *Przewozman*, 2023 WL 25624537, at *15-16; *Henkin v. Qatar Charity*, 2023 WL 2734788, at *10. That issue is not present here.