# JONES DAY

51 LOUISIANA AVENUE, N.W.  •  WASHINGTON, DC  20001.2113

TELEPHONE: +1.202.879.3939 • JONESDAY.COM

Direct Number: 202.879.5572
SCOTTREAU@JONESDAY.COM

January 30, 2025

<u>VIA ECF</u>

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:    *Estate of Eitam Henkin, et al. v. Kuveyt Türk Katilim Bankasi A.Ş.,*
          Case No. 1:19-cv-05394-BMC

Dear Judge Cogan:

Jones Day, together with co-counsel Mayer Brown, represent Defendant Kuveyt Türk Katilim Bankasi A.S. ("Kuveyt Türk" or "the Bank"). We respectfully submit this joint letter with the consent of counsel for Plaintiffs in the above-referenced action.

As directed in the Court's January 16, 2025, Order (ECF No. 67), the parties have conferred regarding a proposed discovery plan. The parties differ on when and to what extent discovery should commence. Kuveyt Türk seeks a stay of discovery until the Court resolves its pending motion for reconsideration or certification of interlocutory appeal, as set forth in that motion. ECF Nos. 70, 71. Alternatively, if the Court denies Kuveyt Türk's request for a stay, the Bank seeks an order permitting only tailored jurisdictional discovery rather than full merits discovery. ECF No. 71 at 24-25.

If the Court denies Kuveyt Türk's requests for a stay or otherwise targeted jurisdictional discovery, the parties are in agreement on the duration and sequencing of discovery as set forth in Exhibit A.

Each party's position is further detailed below.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Hon. Brian M. Cogan
January 30, 2025
Page 2

JONES DAY

## 1. <u>Kuveyt Türk's Position</u>

### a. Discovery Should Be Stayed At This Time.

Kuveyt Türk has filed a motion respectfully seeking reconsideration of the Court's January 16 Order (the "Order") denying Kuveyt Türk's motion to dismiss and authorizing simultaneous merits and jurisdictional discovery, or alternatively seeking certification of an interlocutory appeal under 28 U.S.C. § 1292(b). ECF Nos. 70, 71. Kuveyt Türk's motion is based primarily on the issuance of controlling Supreme Court precedent, *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023), which clearly and directly overruled aspects of the prior Second Circuit authority upon which this Court relied. That includes, *inter alia*, this Court's holding, in reliance on superseded Second Circuit authority, that allegations sufficient to satisfy the "general awareness" element of a JASTA aiding-and-abetting claim necessarily satisfy the "knowing" component of the "knowing substantial assistance" element. *See Twitter*, 598 U.S. at 504 (holding that the "general awareness" and "knowing" elements are "not the same" and finding error in the Ninth Circuit's conclusion to the contrary).

In light of the serious grounds for reconsideration or interlocutory appeal, that motion for reconsideration seeks to stay discovery pending its resolution. Therefore, any discovery contemplated herein should be stayed until the Court resolves Kuveyt Türk's motion for reconsideration. ECF No. 71 at 4, 25.

### b. If the Court declines to stay discovery while considering the pending motion, or denies that motion, the Court should authorize only tailored jurisdictional discovery to conserve judicial and party resources.

If the Court denies the Bank's request for a stay of discovery or declines to reconsider or certify the Order in light of *Twitter*, it should permit only limited jurisdictional discovery at this stage. ECF No. 71 at 24-25. As explained in Kuveyt Türk's motion, the parties' prior "agreement" with respect to the first complaint should not preclude this option, and the Court has already found that the Amended Complaint fails to allege a prima facie case of personal jurisdiction. *See id.* at 21-25. Therefore, permitting targeted jurisdictional discovery to test whether Plaintiffs can establish jurisdiction should proceed before full merits discovery.

Such jurisdictional discovery should be targeted and limited to Plaintiffs' jurisdictional allegation—*i.e.,* whether IUG's alleged transfer through a U.S.

Hon. Brian M. Cogan
January 30, 2025                                                    JONES DAY
Page 3

correspondent account occurred and is related to the three attacks at issue in this case.  Am. Compl. ¶ 419 (ECF. No. 48) ("In the years immediately preceding the acts of terrorism at issue here, KUVEYT BANK knowingly transferred at least hundreds of thousands of Eurodollars through an account at KUVEYT BANK in the name of the IUG."); ECF No. 62 at 2, 5 (identifying Plaintiffs' limited jurisdictional allegations).

Such targeted discovery could occur on an expedited schedule:

- Document requests tailored to jurisdiction: due one week after the Court's Order granting targeted jurisdictional discovery.
- Responses and objections to document requests: due two weeks thereafter.
- Completion of jurisdictional document discovery: two months thereafter.
- Renewed motion to dismiss on personal jurisdiction: three weeks after the completion of jurisdictional discovery.

**c.   If and when the Court decides that full merits discovery should proceed, the parties are in agreement on sequencing.**

To comply with the Court's directive regarding a discovery plan and in the spirit of cooperation, Kuveyt Türk has reached an agreement with Plaintiffs on the sequencing of merits discovery, if the Court denies Kuveyt Türk's requests for a stay or otherwise targeted jurisdictional discovery.  *See* Exhibit A.  But, as noted above, the best and most efficient path forward (and one that does not prejudice Plaintiffs in any meaningful way) is that full merits discovery should await resolution of the key legal issues set forth in Kuveyt Türk's pending motion for reconsideration and the Court's determination that it actually has jurisdiction over Kuveyt Türk.

**Plaintiffs' Position**

Plaintiffs respectfully request that the Court enter the proposed Case Management Plan that the parties negotiated because jurisdictional and merits discovery should proceed in this **2019** case, as the Court has ordered. (ECF 67, at 19-20).

*First*, contrary to Defendant's assertion, there are no "serious grounds for reconsideration or interlocutory appeal." The Court's order correctly applies governing law (which Defendant misstates) and is entirely consistent with *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023). *See, e.g.*, *King v. Habib Bank Ltd.*, No. 20-

Hon. Brian M. Cogan
January 30, 2025
Page 4

cv-4322 (LGS), 2023 U.S. Dist. LEXIS 214283, at \*16 (S.D.N.Y. Dec. 1, 2023) ("the holdings in *Twitter* largely align with the Second Circuit precedent cited in *King I*," referring to *Linde*, *Honickman* and *Kaplan*). Even if there was some doubt, "intervening Supreme Court law that is 'in tension' with Second Circuit precedent is not enough to warrant reconsideration." *Id.* (relying on *Monsanto v. United States*, 348 F.3d 345, 351 (2d Cir. 2003)). Reconsideration is particularly unwarranted here where the parties have already briefed *Taamneh*, *see* ECF Nos. 55 & 58—the Court has not overlooked it, nor misconstrued it.

In any event, discovery should proceed pending the result of that additional (and wasteful) briefing process. Even in the context of a motion to dismiss, discovery is only stayed where "there has been 'a strong showing that the plaintiff's claim is unmeritorious.'" *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quoting *Telesca v. Long Island Hous. P'ship, Inc.*, 2006 U.S. Dist. LEXIS 24311, 2006 WL 1120636, at \*1 (E.D.N.Y. Apr. 27, 2006)). That "showing" is thus very hard to make given the strict standards of a motion for reconsideration.

In requesting an extension for its Answer, Defendant noted "that the 'relevant period' for the allegations against the Kuveyt Turk, as defined in the Complaint, dates back at least 8 years." ECF No. 68, at 2. At least *five* of those years are attributable to Defendant, including its prior interlocutory appeal which the Second Circuit ultimately concluded had been improvidently granted. The considerable passage of time has been prejudicial to Plaintiffs and weighs in favor of conducting discovery now before memories further wane, witnesses become unavailable, or unpreserved documents and ESI are lost or become inaccessible. Given the reminder in Federal Rule of Civil Procedure 1 that the federal rules should be construed, administered, and employed by the court and the parties, *inter alia*, to secure the speedy determination of every action and proceeding, Defendant's further efforts to delay this case should be rejected.

**Second**, discovery should include both merits and jurisdictional discovery, as the Court has ordered. The scope of jurisdictional discovery is essentially subsumed within merits discovery. In each instance, Defendant will need to search account-related documents, funds transfer records, and other documents, such as electronic communications, related to relevant entities in this matter—all of which are ultimately relevant to determining whether any New York contacts were both purposeful and "not completely unmoored" from the claim. *Spetner v. Palestine Inv.*

Hon. Brian M. Cogan
January 30, 2025
Page 5

JONES DAY

*Bank*, 70 F.4th 632, 644 (2d Cir. 2023). This is particularly so in terror financing cases brought under the ATA where jurisdiction and merits discovery are intrinsically intertwined.

Furthermore, even if the Court were to stagger jurisdictional and merits discovery, Defendant provides no reasonable basis for constraining jurisdictional discovery to "limited jurisdictional discovery" between the parties and only related to one entity listed in the Amended Complaint. As Your Honor has explained, "plaintiff has no obligation under Rule 8 to plead any allegations pertaining to personal jurisdiction," thus jurisdictional discovery cannot be limited to the allegations in the complaint. *Parabit Sys., Inc. v. Synergistics, Inc.*, No. 19-cv-888-BMC), 2019 U.S. Dist. LEXIS 240232, at *1 (E.D.N.Y. Apr. 5, 2019) (Cogan, J.).

\* \* \*

Respectfully submitted,

*/s/ Steven T. Cottreau*
Steven T. Cottreau

*Counsel for Kuveyt Türk Katilim Bankasi A.S.*