# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTATE OF EITAM HENKIN *et al.*, | ) )  |
| Plaintiffs, | ) ) ) |
| -v- | ) )   No. 19-cv-05394-BMC |
| KUVEYT TÜRK KATILIM BANKASI A.Ş., | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Kuveyt Türk Katilim Bankasi A.Ş. ("Kuveyt Türk"), by undersigned counsel, hereby objects and responds to Plaintiffs' First Set of Interrogatories ("Plaintiffs' interrogatories") as follows:

**GENERAL OBJECTIONS**

Kuveyt Türk's General Objections, as set forth herein, are to be considered objections and responses to each of the specific interrogatories that follow. Neither the assertion of additional objections nor the reiteration or omission of any part of the General Objections in a given response is intended—and should not be construed—to obviate this incorporation or exclude the assertion of any of these General Objections with respect to that response. Kuveyt Türk's objections and responses shall not waive or prejudice any objections Kuveyt Türk may later assert.

1.  Kuveyt Türk objects to Plaintiffs' interrogatories to the extent that any interrogatory purports to require Kuveyt Türk to produce information protected by the attorney-client privilege, attorney work product protection, or any other privilege or protection. Any inadvertent production or disclosure of such privileged or protected information shall not be construed as a waiver of any

1

applicable privilege or protection. Nothing contained in these Responses is intended as, or shall in any way be deemed, a general, inadvertent, implicit, subject matter, separate, independent, or other waiver of any privilege or protection.

2. Kuveyt Türk objects to Plaintiffs' interrogatories to the extent that they seek information protected from disclosure under any law, rule, regulation, restriction, or order.

3. Kuveyt Türk objects to Plaintiffs' interrogatories to the extent that they are cumulative or duplicative of another or any other discovery request served in this action.

4. Kuveyt Türk expressly reserves the right to object to additional discovery into the subject matter of Plaintiffs' interrogatories. By producing information responsive to Plaintiffs' interrogatories, Kuveyt Türk does not concede that the information requested or provided is (a) discoverable, relevant, or material to the subject matter of this action; (b) authentic; or (c) admissible, including in any filing or at any trial or other proceeding.

5. Nothing in Kuveyt Türk's responses and objections herein shall be construed as a waiver of Kuveyt Türk's rights to: (i) object on the grounds of relevance, materiality, hearsay, admissibility or any other proper grounds to the use of any information provided in the response to the interrogatories, or the subject matter thereof, for any purpose, in whole or in part, in any subsequent stage or proceeding in this or any other action; (ii) object on any and all grounds at any time, during any discovery procedure relating to the subject matter of these interrogatories in this or any other action; (iii) object on any and all grounds to any further interrogatories or any other discovery requests; or (iv) assert the attorney-client privilege, the attorney work product protection, protections under bank secrecy laws, sovereign immunity, or any other applicable immunity, protection, or prohibition against disclosure. Kuveyt Türk's objections and responses do not constitute and shall not be interpreted as Kuveyt Türk's agreement with, or admission as to

the truth or accuracy of, any legal or factual characterization or allegation stated or implied in Plaintiffs' interrogatories.

6. Kuveyt Türk's objections and responses to Plaintiffs' interrogatories should not be construed to waive, expressly or impliedly, Kuveyt Türk's personal jurisdiction defense or any other available defense or argument against Plaintiffs' claims in the above-captioned case.

7. Kuveyt Türk's General Objections, Objections to Instructions and Definitions, and Specific Objections and Responses are based upon the information presently known to Kuveyt Türk. Kuveyt Türk is willing to meet and confer with Plaintiffs regarding its responses and objections to any of Plaintiffs' interrogatories. Kuveyt Türk reserves the right to rely on facts, documents, or other evidence, which may subsequently develop or come to its attention, and to assert additional objections or supplemental responses should it discover that there is information, or are grounds, for objections. Kuveyt Türk also reserves the right pursuant to Rule 26(f) of the Federal Rules of Civil Procedure to amend or supplement these responses.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

8. Kuveyt Türk objects to Instruction No. 3 to the extent that it purports to require Kuveyt Türk to produce information beyond that required by Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3.

9. Kuveyt Türk objects to Instruction No. 4 to the extent that it purports to require Kuveyt Türk to produce or supply information beyond that required by Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3. Kuveyt Türk further objects to Instruction No. 4 as vague, ambiguous, unduly burdensome, not proportional to the needs of the case, and uncertain in its use of the terms "expansive" and "inclusive."

10. Kuveyt Türk objects to Instruction No. 5 to the extent that it purports to require Kuveyt Türk to produce or supply information beyond that required by Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3.

11. Kuveyt Türk objects to Instruction No. 5(a) to the extent that it purports to require Kuveyt Türk to supply information not relevant to any claim or defense of any party, and not proportional to the needs of the case, with its instruction to "[c]onstru[e] the term 'including' to mean 'including but not limited to.'" Kuveyt Türk will interpret the words in Plaintiffs' interrogatories according to those words' natural meanings.

12. Kuveyt Türk objects to Instruction No. 5(c) as overly broad, unduly burdensome, confusing, and seeking information not relevant to a claim or defense of any party, and not proportional to the needs of the case, on the grounds that, among other things, it is not reasonably limited in temporal scope because it instructs that "the past tense of the verb [should be construed] to include the present tense and the present tense [should be construed] to include the past tense." Kuveyt Türk will interpret the words in Plaintiffs' interrogatories according to those words' natural meanings, and in the tenses in which they are written.

13. Kuveyt Türk objects to Instruction No. 5(d) as vague, ambiguous, unduly burdensome, confusing, and potentially seeking information not relevant to a claim or defense of any party, and not proportional to the needs of the case, insofar as it calls for the construction of "negative terms to include the positive and vice versa" because the instruction does not make clear what terms qualify as "negative" or "positive." Kuveyt Türk will interpret the words in Plaintiffs' interrogatories according to those words' natural meanings.

14. Kuveyt Türk objects to the definitions of "You," "your," "Defendant," or "Kuveyt Türk" to the extent that Plaintiffs' definition purports to require Kuveyt Türk to produce

4

information beyond that required by Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3.  Kuveyt Türk further objects to the definitions of "You," "your," "Defendant," or "Kuveyt Türk" to the extent that it purports to require Kuveyt Türk to produce information that is outside the scope of Kuveyt Türk's possession, custody, or control.

## SPECIFIC OBJECTIONS AND RESPONSES

## INTERROGATORY NO. 1

List each U.S.-dollar denominated correspondent banking account Kuveyt Türk held during the period January 1, 2012, to March 31, 2019, including dates the account was open during that period, bank and branch where the correspondent account was held, and the account number.

## RESPONSE TO INTERROGATORY NO. 1

Kuveyt Türk incorporates its General Objections and Objections to Instructions and Definitions as if fully stated herein.  Kuveyt Türk objects to Interrogatory No. 1 as overly broad, unduly burdensome, not relevant to a claim or defense of any party, and not proportional to the needs of the case to the extent it purports to require production of information not reasonably limited in temporal scope.

Plaintiffs allege that the attacks that give rise to their claims occurred in October 2015, November 2015, and December 2018.  There must be a reasonable temporal nexus between the alleged attacks and the alleged aiding and abetting.  *E.g.*, *Weiss v. Nat'l Westminster Bank, PLC.*, 993 F.3d 144, 165 (2d Cir. 2021); *Siegel v. HSBC N. Am. Holdings, Inc.*, 933 F.3d 217, 225 (2d Cir. 2019).  Plaintiffs seek information from more than three and a half years before the first attack, from more than three years between the second and final attacks, and from more than three months after the final attack.  The temporal scope is overly broad, unduly burdensome, not relevant to a claim or defense of any party, and not proportional to the needs of the case.  Accordingly, Kuveyt

5

Türk will interpret Interrogatory No. 1 to seek responsive, non-privileged information for the time period from July 31, 2015 (approximately two months before the first alleged attack) to November 19, 2015 (the date of the second alleged attack) and from October 13, 2018 (approximately two months before the final alleged attack) to December 13, 2018 (the date of the final alleged attack).

Kuveyt Türk objects to Interrogatory No. 1 as vague, ambiguous, and potentially seeking information not relevant to a claim or defense of any party or proportional to the needs of the case, in its use of the term "U.S.-dollar denominated correspondent banking account."

Kuveyt Türk further objects to Interrogatory No. 1 as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party or proportional to the needs of the case to the extent that it seeks information about accounts that have no apparent connection with the alleged acts giving rise to Plaintiffs' claims. For example, while Plaintiffs allege that Kuveyt Türk effectuates U.S. dollar-denominated funds transfers through correspondent banks located in New York (*e.g.*, Amended Complaint ¶ 5), Plaintiffs do not allege that Kuveyt Türk's correspondent accounts were used for this purpose in relation to any of the attacks giving rise to Plaintiffs' claims.

Subject to and without waiving the foregoing General Objections, Objections to Instructions and Definitions, or Specific Objections, Kuveyt Türk responds as follows: upon entry of a protective order by the Court in the above-captioned case, Kuveyt Türk will identify each U.S.-dollar denominated correspondent account at a branch in the United States during the redefined time period.

Dated: March 24, 2025 Respectfully submitted,

By: */s/ Gabrielle E. Pritsker*
Steven T. Cottreau (NY Bar 4967485)
Gabrielle E. Pritsker (NY Bar 5432208)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001.2113
(202) 879-3685
GPritsker@jonesday.com

Fahad A. Habib (*pro hac vice*)
Emily F. Knox (*pro hac vice*)
JONES DAY
555 California Street, Suite 2600
San Francisco, CA 94104.1500

Mark G. Hanchet
Christopher J. Houpt
Robert W. Hamburg
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020

*Attorneys for Defendant*
*Kuveyt Türk Katilim Bankasi A.Ş.*