UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTATE OF EITAM HENKIN, *et al.* : <br> : <br> Plaintiffs, : <br> : <br> -against- : <br> : <br> KUVEYT TÜRK KATILIM BANKASI A.Ş., : <br> : <br> Defendant. : <br> : | No. 19-cv-05394-BMC |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
TO COMPEL DEFENDANT TO ANSWER AND PRODUCE
<u>DOCUMENTS RESPONSIVE TO PLAINTIFFS' INITIAL DISCOVERY</u>**

This matter having come before the Court on Plaintiffs' motion to compel Defendant Kuveyt Türk Katilim Bankasi A.Ş. ("Kuveyt Türk") to answer and produce documents responsive to Plaintiffs' First Set of Requests for Production of Documents ("Document Requests") and First Set of Interrogatories, dated February 6, 2025, and the Court having considered the parties' submissions, it is hereby ORDERED that:

1. Unless otherwise specified herein, the relevant discovery period in this case is January 1, 2012, to January 30, 2019 ("Relevant Discovery Period").

2. In addition to producing Account-Related Documents[1] for the three accountholders identified in the Amended Complaint,[2] Kuveyt Türk shall produce all Account-Related Documents requested in Plaintiffs' Document Request No. 1 for each of the following

---

[1] "Account-Related Documents" means account opening documentation, all "Know Your Customer" (including enhanced due diligence as defined in 31 CFR § 1010.610) data created concerning the accountholder including risk-based assessments of customers and transactions, internal reports (including investigative reports), all other Communications with the accountholder or concerning the accountholder, all account statements, all cancelled checks, and deposit slips.

[2] The Foundation for Human Rights and Freedoms and Humanitarian Relief ("IHH"), Islamic University of Gaza and Jihad Muhammad Shaker Yaghmour (a/k/a Jihad Yaghmour; a.k.a. Jihat Yahgmur; a.k.a. Cihat Yagmur; a.k.a. Jihat Yagmur),

individuals and entities to the extent they were customers of Kuveyt Türk during the Relevant Discovery Period:

    (1)    Jamal N. al-Khoudary (a/k/a Jamal Naji Shehadeh al-Kudari; a.k.a. Jamal al- Khudari; a.k.a. Jamal Naji Khudari; a.k.a. Jamal Naji Elkhoudary);
    (2)    Abu Ubaydah Khayri Hafiz al-Agha;
    (3)    Saleh al-Arouri (a/k/a Salih al-Aruri; a.k.a. Salih al-Aruri; a.k.a. Salah al-Arouri; a.k.a. Saleh Muhammad Suleiman al-Aruri; a.k.a. Salah al-Aruri; Saleh al-Aruri; a.k.a. Salih Muhammad Sulayman Saleh al-Aruri; a.k.a. Salih Muhammad Sulayman; a.k.a. Abu Muhammad; a.k.a. Salih Dar Sulaiman; a.k.a. Salih Suleiman);
    (4)    Ansaar International e.V.; and
    (5)    Deniz Feneri Welfare and Solidarity Association.

Kuveyt Türk shall produce all Account-Related Documents regardless of whether the document was created prior to or during the Relevant Discovery Period.

3. Kuveyt Türk shall initially produce all Fund Transfers Records[3] for the individuals and entities listed Plaintiffs' Request No. 2 for the period between January 1, 2015, and the end of the Relevant Discovery Period, to the extent such individuals and entities were customers of Kuveyt Türk. With respect to accounts held by such customers denominated in Turkish Lira (TRY), Kuveyt Türk may initially elect to produce only bank account statements for such accounts. Thereafter the parties shall meet and confer regarding further document productions for those TRY accounts.

    i.    Kuveyt Türk's production shall include (but not be limited to) SWIFT messages, including but not limited to both MT103 and MT202 message

---

[3] "Fund transfers records" includes, but is not limited to, electronic funds transfers such as SWIFT ("Society for Worldwide Interbank Financial Telecommunication") messages, including, but not limited to MT 103 and MT 202 messages, CHIPS ("Clearing House Interbank Payments System") messages, letters of credit, bills of exchange, guarantees, and book entry transfers or other internal payment message systems used by Kuveyt Türk, documents generated by Kuveyt Türk as part of its screening and reporting of transactions and any forms provided by Kuveyt Türk to customers to initiate funds transfers and to receive notifications of receipt of funds transfers.

        information for USD transfers through the United States to or from the customers' accounts.

   ii.    Kuveyt Türk's production shall include documents sufficient to show the types of forms provided by Kuveyt Türk to customers in connection with initiating SWIFT transfers.

   iii.    Kuveyt Türk's production shall include all letters of credit, bills of exchange, and loan guarantees.

4. Kuveyt Türk shall produce all documents reflecting relevant policies and procedures Kuveyt Türk had in place during the Relevant Discovery Period that related to preventing or detecting money laundering and terror financing.

5. Kuveyt Türk shall produce all documents consulted, referenced, or otherwise used to prepare a response to Plaintiffs' First Set of Interrogatories in the above-captioned matter.

6. Kuveyt Türk shall answer Interrogatory No. 1 by listing each U.S.-dollar denominated correspondent banking account Kuveyt Türk held during the Relevant Discovery Period, including the date the account was open, bank and branch where the correspondent account was held, and the account number.

7. Kuveyt Türk shall produce all documents required by this Order on or before September 1, 2025.

8. The parties shall meet and confer within 30 days of the completion of the initial production to discuss further discovery issues raised by the production responsive to this Order.

SO ORDERED.

                                                                                                        _____

                                                                                                        Brian M. Cogan
                                                                                                         U.S.D.J.

Dated: Brooklyn, New York
       _____, 2025