UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ESTATE OF EITAM HENKIN, et al.,                   :
                                                  :
                          Plaintiffs,             :        Case No. 19-cv-05394 (BMC)
                                                  :
        -against-                                 :
                                                  :        **JOINT STIPULATION AND**
KUVEYT TÜRK KATILIM BANKASI A.Ş.,                 :        **PROPOSED PROTECTIVE**
                                                  :        **ORDER**
                          Defendant.              :
                                                  :

---

This matter comes before the Court in the above-captioned case (the "Litigation") by stipulation of the respective Plaintiffs and Defendant (individually, a "Party" and together, the "Parties") for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence (the "Protective Order"). Having found that the Parties, by, between, and among their respective counsel, have stipulated and agreed to the terms set forth herein, and good cause having been shown for the Parties to enter into a stipulation for this purpose,

THE FOLLOWING IS STIPULATED BY THE PARTIES AND SO ORDERED BY THIS COURT.

**A.    Purpose:**

This Protective Order is being entered into to facilitate the production, exchange, and discovery of documents and information, including materials that may be claimed as privileged or protected documents that were inadvertently produced, or information that a Party contends merits confidential treatment. This Protective Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, responses to requests for production, third-party discovery productions, and any other information or material

1

produced, given, or exchanged by and among the Parties and any non-parties to the Litigation in connection with discovery in the Litigation.

**B.**      **Definitions:**

1.      "Party" means any party (including Plaintiffs collectively) to this Litigation and, as to Plaintiffs, any legal guardians or guardians ad litem, and as to Defendant, any officers, directors, or employees, and, as to both Plaintiffs and Defendant, counsel of record for the Parties (and their support staff).

2.      "Discovery Material" includes, but is not limited to, all items, information, or testimony, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, transcripts, tangible things, and electronically stored information ("ESI")), that are produced or generated in disclosures or responses to discovery in this Litigation.

3.      "Producing Party" means a Party or non-party that produces or otherwise discloses, communicates, or makes available Discovery Material in this Litigation.

4.      "Receiving Party" means a Party or non-party that receives Discovery Material from a Producing Party in this Litigation.

5.      "Designating Party" means a Party or non-party that designates Discovery Material as "Confidential Information" in this Litigation pursuant to Section D of this Protective Order.

6.      "Protected Information" means all Discovery Material, or portions thereof, which have been designated by a Designating Party as comprising or containing "Confidential Information" pursuant to Section D of this Protective Order, as well as any copies, summaries or abstracts thereof.

7.      "Expert" means a person with specialized knowledge or experience in a matter pertinent to the Litigation who is not an employee of a Party but has been retained by a Party or its counsel to serve as an expert witness or as a non-testifying consultant in this Litigation. This definition includes professional jury or trial consultants retained in connection with this Litigation.

8.      "Professional Vendors" means persons or entities that provide litigation support services (*e.g.*, document collection and storage; photocopying; videotaping; translating; preparing exhibits or demonstratives; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

9.      "Privileged Documents" means documents, statements, or testimony that a Producing Party believes constitute, contain, or reflect information protected by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other privilege or immunity from discovery recognized under applicable law.

10.     "Designated Persons" means (i) the attorneys who are employees of a Party, (ii) guardians ad litem for any Party, or (iii) legal guardians of any Party.

C.      **Use of Discovery Material:**

All Protected Information (and any copies, summaries, or abstracts thereof) shall be used solely for the purpose of conducting this Litigation (including for purposes of mediating or otherwise attempting to settle this Litigation), or the enforcement of insurance rights with respect to this Litigation, and for no other purposes.

D.      **Designating Protected Information:**

1.      A Producing Party may designate Discovery Material as "Confidential Information" under this Protective Order if it has a good faith basis for the designation.

2.      "Confidential Information" includes Discovery Material that constitutes and/or contains (i) sensitive commercial data, such as confidential or proprietary research, development, manufacturing, or commercial or business information that constitute trade secrets, special formulas, company security matters, customer lists, financial information, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data, and other potentially sensitive information that constitute trade secret information or proprietary information; and (ii) sensitive personal data, such as personal identifiers (*e.g.* social security numbers, dates of birth, passport numbers), physical and electronic addresses, telephone numbers, bank records, financial information, tax records, employer personnel records, medical and non-public legal records, files and reports, non-public criminal history and other similar sensitive data that may be subject to U.S. or foreign laws, rules, regulations, or other restrictions.

3.      Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If a Designating Party learns that information or items that it designated for protection do not qualify for protection the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

4.      In the case of documents, interrogatory answers, responses to requests to admit, ESI (other than that produced in native form), or affidavits or declarations and exhibits thereto, and the information contained therein, designation shall be made by marking or stamping the top or bottom of each page as "CONFIDENTIAL" in a manner that does not cover or fall behind any text contained on the page which might interfere with OCR and searchability. ESI produced in native format may be designated by including a "CONFIDENTIAL" designation in the file name or in a confidentiality metadata field, and material produced in a non-paper media

(*e.g.*, videotape, audiotape, computer disc) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL".

5.    All depositions shall presumptively be treated as Confidential Information subject to this Protective Order during the deposition and until thirty (30) days after receipt by counsel of the transcript. At or before the end of such thirty (30) day period, the deposition, or pages thereof, may be designated for future purposes as Protected Information by any Party or, where applicable, by the non-party providing the deposition testimony. Notice of such designation shall be made in writing to the court reporter, with copies to counsel for the Parties, specifying the portion(s) of the transcript and exhibits that constitute or contain Protected Information and are to be marked accordingly. Transcripts containing testimony or exhibits designated as containing Protected Information shall be marked by the court reporter with the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION," and shall be treated in accordance with the provisions of this Protective Order.

6.    The Parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by any third party. All Discovery Material produced by a third party shall presumptively be treated as Confidential Information subject to this Protective Order until thirty (30) days after receipt by the Parties.  At or before the end of such thirty (30) day period, the third party that produced the Discovery Material or any other Party may designate the Discovery Material produced by the third party for future purposes as Protected Information.  The designating party (if other than the third party that produced the Discovery Material) shall provide notice of such designation in writing to the other Party as well as the third party that produced the Discovery Material, specifying the portion(s) of the Discovery Material that constitute or contain Protected Information.

E.    **Use and Disclosure of Protected Information:**

1.    Except with the prior written consent of the Designating Party or by order of the Court, Confidential Information shall not be furnished, shown, or disclosed by the Receiving Party to any person or entity except to:

a.    Counsel of record for the Parties to this Litigation and their associated attorneys, paralegals, and other professional personnel (including support staff) who are actively engaged in conducting the Litigation on behalf of the Parties;

b.    Experts or non-testifying consultants who are employed or retained by a Party in connection with this Litigation, and members of the Experts' or non-testifying consultants' staff working under the Experts' or non-testifying consultants' supervision, provided, however, that such Protected Information is furnished, shown, or disclosed to them in accordance with Section E(3) hereof;

c.    Professional Vendors retained by the Parties or their counsel to furnish technical services in connection with this Litigation, provided, however, that such Protected Information is furnished, shown, or disclosed in accordance with Section E(3) hereof;

d.    the Court and court personnel, if filed in accordance with Section E(6) hereof;

e.    an officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer, provided, however, that such Protected Information is furnished, shown, or disclosed in accordance with Section E(3) hereof;

f.    any mediator or arbitrator engaged by the Parties to this Litigation, provided, however, that such Protected Information is furnished, shown, or disclosed in accordance with Section E(3) hereof;

g.    any other person specifically identified and agreed to in writing by the Parties;

h.    trial and deposition witnesses, provided, however, that such Protected Information is furnished, shown, or disclosed in accordance with Section E(3) and E(4), hereof; and

6

i. current or former officers, directors, personnel, and agents of Defendant to whom disclosure is reasonably necessary for this Litigation and who have been advised of their obligations hereunder.

j. the insurers and reinsurers of the Parties to this Litigation, and counsel to such insurers and reinsurers as necessary for the prosecution or defense of this Litigation.

2. All persons who are authorized to receive and are shown Protected Information by the Receiving Party pursuant to Section E(1)(b), (c), (e), (f), (g), (h), and (i), prior to receipt of Protected Information, shall be provided a copy of this Protective Order and shall sign a the Confidentiality Agreement in the form annexed as Exhibit A. Counsel shall retain copies of the signed "Exhibit A" forms until final resolution of this Litigation, including any appeals.

3. The persons listed in Sections E(1)(b), (c), (e), (f) and (h) are only authorized to receive Protected Information if such Protected Information is to be used in good faith in relation to this Litigation, including, but not limited to, in connection with the provision of testimony (subject to the provisions of Section D(5))  and for no other purpose except as permitted by court order, party agreement, or elsewhere in this Protective Order.

4. For the avoidance of doubt, nothing in Sections E(1) – (4), *supra*, shall prohibit any Party from disclosing or showing documents to witnesses who are the employees of the Designating Party.

5. If a Receiving Party learns that, inadvertently or otherwise, it has disclosed Protected Information to any person in any circumstance not authorized under this Protective Order, the Receiving Party must promptly, after discovery of the disclosure, (a) notify the relevant Designating Party in writing of the unauthorized disclosure(s) and the identity of such persons(s) to whom Protected Information was disclosed, (b) make reasonable efforts to retrieve or have destroyed all copies of the Discovery Material containing Protected Information from the person

7

or persons to whom unauthorized disclosures were made (the "Unauthorized Recipient(s)"), (c) inform the Unauthorized Recipient(s) of all the terms of this Protective Order, and (d) request the Unauthorized Recipient(s) to execute the Confidentiality Agreement attached hereto as Exhibit A.

6.      If any Receiving Party wishes to file materials with the Court that incorporate Protected Information or would reveal the contents of Protected Information, such filing shall be provisionally filed under seal as an attachment to the filing Party's motion for leave to file under seal and in accordance with the local rules pertaining to such filings.  The sealing request shall include (1) one full set of the documents with the words, phrases, or paragraphs to be redacted highlighted, and; (2) one partial set of solely those pages on which the Party seeks to redact material.  If leave is granted, Parties shall file redacted copies with the Clerk of Court.  In the event that Protected Information material is filed, such material, and any pleadings, motions or other papers filed with the Court disclosing any such material, shall be filed in compliance with Federal Rule of Civil Procedure 26(c).  Alternatively, the Receiving Party may obtain the Designating Party's permission to remove the confidentiality designation for the Protected Information.

7.      Should the need arise for any of the Parties to disclose Protected Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after a meet and confer with the Designating Party and, if no permission is obtained from the Designating Party, obtaining permission from the Court to take steps to utilize such materials while preserving the confidentiality of such Protected Information.

8.    The Receiving Party of any Protected Information under this Protective Order shall maintain such material in a reasonably secure location and manner that ensures access is limited to the persons authorized under this Protective Order. Protected Information shall not be copied, reproduced, summarized, extracted, or abstracted by the Receiving Party except to the extent doing so is reasonably necessary for conducting this Litigation (including for purposes of mediating or otherwise attempting to settle this Litigation), or the enforcement of insurance rights with respect to this Litigation. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Protective Order and labeled in the same manner as the designated material on which they are based.

**F.    Protected Information Subpoenaed or Ordered Produced to a Non-Party:**

1.    If a Receiving Party is served with a subpoena or other process by any court, administrative or legislative body, law enforcement agency, or other non-party, which calls for the production of any Protected Information, the party to whom the subpoena or other process is directed shall promptly notify the Producing Party, in writing, and in any event no more than five calendar days after service of a subpoena or other process, of the following: (a) the information and documents sought by the subpoena or other process and enclosing a copy of the subpoena or request; (b) the date on which compliance with the subpoena or other process is requested; (c) the location at which compliance with the subpoena is requested; (d) the identity of the Party serving the subpoena or other process; and (e) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or designation identifying the litigation, administrative proceeding, investigation, or other proceeding in which the subpoena or other process has been issued.

9

2.      Counsel for the Receiving Party shall make objections to the production of the Protected Information including, by reference, to the existence of this Order to the person or entity seeking the Protected Information. Unless and until such objections are overruled by a court, or a court otherwise orders production of the Protected Information, no Receiving Party may produce or divulge the contents of the Protected Information, except with express written consent of the Designating Party.

**G.      Disclosure of Protected Information:**

Any Discovery Material that may contain Protected Information that has been produced without identification as to its protected nature as provided in Section D of this Protective Order, may be later designated by the Producing Party or non-party asserting the confidentiality designation by written notice to the undersigned counsel for all Parties and accompanied by substitute copies of each document or thing appropriately marked as Protected Information. To the extent such Discovery Material may have been disclosed to anyone not authorized to receive Protected Information, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further disclosure, in accordance with Section E(5), *supra*.

**H.      Challenging Confidentiality Designation:**

The Designating Party has the burden to demonstrate that any designation of Discovery Material as Confidential satisfies the appropriate standard. If a Party believes that a document designated as Protected Information does not warrant such designation, the Party shall first make a good-faith effort to resolve such dispute with the Designating Party. In the event that the dispute cannot be resolved by the Parties, either Party may seek relief from the Court in an appropriate motion. The burden rests on the Designating Party to demonstrate that such designation is proper. If such a motion is filed, the Discovery Material shall be deemed Protected Information unless and

until the Court rules otherwise, and the period to move to reconsider or appeal that ruling has expired under applicable rules.

**I.      Privileged Documents:**

1.      To the maximum extent permitted by law, the Parties and their undersigned counsel agree, and the Court orders, that the production of documents by a Producing Party shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(d) regarding production of documents, ESI, or information protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure recognized under applicable law. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

2.      A Producing Party's inadvertent production or other disclosure in connection with this Litigation of one or more Privileged Documents shall not constitute, and may not be argued to constitute, a waiver of any applicable privilege or immunity with respect to such Privileged Documents or any other privileged materials or information. The Parties and their counsel do not intend by this Protective Order to waive their rights to any protection or privilege from disclosure, including but not limited to the attorney-client privilege and the attorney work product doctrine, all of which the Parties expressly reserve.

3.      If a Receiving Party receives Discovery Material that appears to be subject to an attorney-client privilege, the common interest privilege, or otherwise protected by a discovery privilege or immunity, the Receiving Party shall immediately notify Outside Counsel for the Producing Party, in writing, that the Receiving Party possesses material that appears to be privileged.

11

4.      In the event a Producing Party discovers it has disclosed Privileged Documents, the Producing Party may provide written notice to all counsel of record advising of the disclosure and requesting the return or destruction of the Privileged Documents. Upon receiving notice from a Producing Party that it is requesting the return or destruction of Privileged Documents, the Receiving Party shall either (a) promptly return and/or destroy the document(s) and/or information and all copies, make a good faith effort to destroy any portions of notes that reproduce, copy, or otherwise disclose the substance of the privileged or Protected Information, and notify the Producing Party's counsel of record when this is complete, or (b) to the extent the Receiving Party intends to challenge the designation of Privileged Documents, sequester all copies of the document(s) in a manner that will prevent further disclosure or dissemination of their contents pending further order of the Court.

5.      Within five (5) business days of receiving notice from a Producing Party or its counsel requesting the return or destruction of Privileged Documents, the Receiving Party and its counsel of record shall notify the Producing Party's counsel of record in writing whether the Receiving Party intends to challenge the designation of the documents as Privileged Documents. If the Receiving Party intends to challenge the designation, the document(s) shall remain sequestered pending Court resolution of the challenge, and the Receiving Party and its counsel shall view and use the document(s) at issue only to the extent necessary to challenge the privilege claim. The document(s) that the Receiving Party intends to challenge shall only be submitted to the Court under seal for an *in camera* review.

6.      If the Receiving Party does not intend to challenge the designation of the document(s) as Privileged Documents, the Receiving Party and its counsel shall, within ten (10) business days of receiving such notice of production of Privileged Documents, destroy or return

all original documents identified by the Producing Party in such notice (whether electronic or hard copy), destroy or delete any and all copies (whether electronic or hard copy), and expunge information or material derived from the produced Privileged Documents from any other documents the Receiving Party possesses. To the extent the Receiving Party provided any disclosed Privileged Documents to any other person or non-party, the Receiving Party shall promptly make reasonable efforts to retrieve and destroy such Privileged Documents and notify the Producing Party's counsel of record, in writing, that it has done so.

7.      The Parties shall undertake reasonable efforts to resolve the issue of whether the documents are privileged without court intervention. To the extent the Parties cannot resolve the issue, a Party may seek relief from the Court. No Party, however, may assert as a ground for compelling production the fact or circumstance that the Privileged Documents had already been produced until the Court determines the documents are not in fact privileged.

8.      The Parties will serve a privilege log after the completion of document production on dates agreed upon by the Parties.  The Parties need not log privileged communications to or from counsel dated on or after September 23, 2019, work product created on or after September 23, 2019, or documents created at the request of counsel dated on or after September 23, 2019.  Nothing in this Stipulation prevents the Parties from meeting and conferring or negotiating separate agreements regarding privilege log creation, production, content, format, or related issues.  The Parties reserve the right to raise privilege challenges concerning withheld material not required to be logged pursuant to this paragraph.

**J.      Preservation of Rights and Privileges:**

This Protective Order has no effect upon, and shall not apply to, a Producing Party's use of its own Discovery Material for any purpose. Nothing herein, nor the production of any

documents or disclosure of any information pursuant to this Protective Order, shall be deemed (a) to waive any privilege or protection recognized by law; (b) to alter the confidentiality of any such information; (c) an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure; or (d) to waive any right a Party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.

**K.   Scope and Modification of the Protective Order:**

The provisions of this Protective Order shall be binding upon the Parties. All modification of, waivers of, and amendments to this Protective Order must be in writing and signed by, or on behalf of, the Parties. This Protective Order may also be changed by further order of this Court, and without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

**L.   Use of Protected Information at Trial:**

Subject to the Federal Rules of Evidence and orders issued by the Court, Protected Information may be offered and received into evidence or presented at trial. A Party agreeing to the entry of this Order does not thereby waive the right to object to any such offer, including the admissibility of the material at trial. Any Party may move the Court for an order that specific Protected Information be reviewed *in camera* or under other conditions to prevent unnecessary disclosure or may move the Court for an order seeking redaction or sealing of any trial exhibit, and nothing herein constitutes a waiver of any right by a Party to object to any such motion. The Parties shall include, in any pretrial order entered in this Litigation, their proposed exhibit lists, including Bates numbers for each document, thereby providing the Designating Party with advance notice of the Protected Information sought to be introduced at trial, and in all events provide the

14

Designating Party with no less than fourteen (14) days notice of any intent to publicly disclose Protected Information, to permit the Designating Party an opportunity to seek the relief contemplated by this provision. No Party shall publicly disclose any Protected Information while a request to restrict the disclosure of that Protected Information is pending.

**M.** **Duration:**

The terms, conditions, and limitations of this Protective Order shall survive the termination of this Litigation and will continue to be binding upon all persons to whom Protected Information is produced or disclosed, until the Parties agree otherwise in writing or a court order otherwise directs.

**N.** **Return of Protected Information:**

Within sixty (60) days after the final termination of this Litigation by settlement (including, to the extent applicable, final court approval of such settlement), or exhaustion of all appeals, the Producing Party may notify the Receiving Party in writing that all Protected Information produced and all reproductions thereof that have not been publicly disclosed (a) by the Court or during trial, (b) by the Producing Party, or (c) with the consent of the Producing Party, shall be returned to the Designating Party or shall be destroyed, and compliance with this requirement shall be communicated in writing within ninety (90) days to the Designating Party. In the event that any Designating Party opts for destruction of its Protected Information, the Receiving Party shall certify, in writing, within ninety (90) days of receipt of the notice that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain copies of documents constituting work product, exhibits, reports, pleadings, motion papers, discovery responses, deposition and trial

15

transcripts, and deposition and trial exhibits. For the avoidance of doubt, Experts, Professional

Vendors, and other third-parties who have received Protected Information shall also be required

to return or destroy such Protected Information pursuant to the terms of this paragraph.

**O.      Interpretation of Protective Order:**

This Protective Order shall not be interpreted in a manner that would violate any applicable

canons of ethics or codes of professional responsibility. Nothing in this Protective Order shall

prohibit or interfere with the ability of counsel for any Party, or of experts or non-testifying

consultants specially retained for this case, to represent any individual, corporation, or other entity

adverse to any Party or its affiliate(s) in connection with any other matters, provided that counsel,

experts, and non-testifying consultants do not use or disclose Protected Information in connection

with those other matters.

**Agreed upon, except as to Section C (***see* ==ECF No. 90==**), by:**

| | |
|---|---|
| _/s/ Kevin L. Attridge_ | _/s/ Steven T. Cottreau_ |
| Jonathan E. Missner (*pro hac vice*) | Steven T. Cottreau (NY Bar 4967485) |
| Robert B. Gilmore (*pro hac vice*) | Gabrielle Pritsker |
| Kevin L. Attridge (*pro hac vice*) | JONES DAY |
| STEIN MITCHELL BEATO & MISSNER LLP | 51 Louisiana Avenue, N.W. |
| 2000 K St., NW, Suite 600 | Washington, D.C. 20001.2113 |
| Washington, D.C. 20006 | (202) 879-5572 |
| (202) 737-7777 | |
| | Fahad A. Habib (pro hac vice) |
| Gary M. Osen, Esq. | Emily Goldberg Knox (pro hac vice) |
| Aaron Schlanger, Esq. | JONES DAY |
| OSEN LLC | 555 California Street, Suite 2600 |
| 190 Moore Street, Suite 272 | San Francisco, CA 94104.1500 |
| Hackensack, New Jersey 07601 | (415) 875-5761 |
| (201) 265-6400 | |
| | Mark G. Hanchet |
| | Christopher J. Houpt |
| Gavriel Mairone | Robert W. Hamburg |
| MM~LAW LLC | MAYER BROWN LLP |
| 980 North Michigan Avenue, Suite 1400 | 1221 Avenue of the Americas |

Chicago, IL 60611                              New York, New York 10020
(312) 253-7444                                 (212) 506-2695

*Attorneys for Plaintiffs*                     *Attorneys for Defendant*
                                               *Kuveyt Türk Katilim Bankasi A.Ş.*


**SO ORDERED**.

Dated:  Brooklyn, New York                     _Brian M. Cogan_
        June 10        , 2025                   _____
                                                          U.S.D.J.

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

ESTATE OF EITAM HENKIN, et al.,　　　　　　 :

　　　　　　　　　　　Plaintiffs,　　　　　 :　　　Case No. 19-cv-05394 (BMC)

　　　　　　　　　　　　　　　　　　　　 :

　　-against-　　　　　　　　　　　　　 :

　　　　　　　　　　　　　　　　　　　　 :

KUVEYT TÜRK KATILIM BANKASI A.Ş.,　　 :

　　　　　　　　　　　　　　　　　　　　 :

　　　　　　　　　　　Defendant.　　　　　 :

_____ :

### DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1.　　　My business address is _____.

2.　　　My present employer is _____.

3.　　　My present occupation or job description is _____.

4.　　　I have received a copy of the Protective Order entered in the above named action.

5.　　　I have carefully read and understand the provisions of the Protective Order.

6.　　　I agree to comply with all provisions of the Protective Order.

7.　　　I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any information, documents, or other materials produced subject to this Protective Order.

8.　　　I will use such information, documents or other materials produced subject to this Protective Order only for purposes of this Litigation.

9.　　　At the conclusion of my work on this matter, or upon request, I will return or destroy all information, documents, or other materials produced subject to this Protective Order, and all documents or things which I have prepared relating to the information, documents, or other

1

materials that are subject to the Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10.    I understand that sanctions may be entered for violation of the Protective Order, including the payment of attorney fees and costs to enforce this agreement. I hereby submit to the personal and subject-matter jurisdiction of the Court in the above-captioned matter for the purpose of enforcement of the Protective Order in this Litigation.

Dated: _____          Signed: _____

2