UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
   ESTATE OF EITAM HENKIN, et al.,     :
                                                      :
                       Plaintiffs,   :  **MEMORANDUM DECISION AND**
                                                      :  **ORDER**
           - against -                :
                                                     :  19-cv-5394 (BMC)
   KUVEYT TÜRK KATILIM BANKASI A.Ş.,  :
                                                     :
                     Defendant.   :
----------------------------------------------------------- X

**COGAN**, District Judge.

      This case is before the Court on plaintiffs' motion to compel the production of certain documents and information. Additionally, this Order addresses the applicability of Turkish law to the parties' discovery disputes and defendant's request for the bifurcation of jurisdictional and merits discovery.

      The facts of this case are set out in full in the Court's January 16, 2025 Memorandum Decision and Order, which, among other things, denied defendant's motion to dismiss except as to the personal jurisdiction issue, the decision on which was deferred pending discovery, and ordered that jurisdictional discovery proceed simultaneously with discovery on the merits. See Est. of Henkin v. Kuveyt Turk Katilim Bankasi A.S., No. 19-cv-5394, 2025 WL 218830 (E.D.N.Y. Jan. 16, 2025). Briefly stated, plaintiffs (survivors and estates and heirs of victims killed in Hamas terrorist attacks) allege that defendant gave substantial assistance to Hamas by providing banking services and facilitating the transfer of hundreds of thousands of dollars for three customers closely intertwined with Hamas' violent terrorist activities: the Foundation for Human Rights and Freedoms and Humanitarian Relief ("IHH"), Islamic University Gaza ("IUG"), and Jihad Yaghmour.

The parties present three discovery disputes for resolution: (1) whether defendant must produce information related to Hamas-affiliated entities and individuals other than the three alleged Hamas-affiliated customers identified in the amended complaint; (2) whether the relevant time period from which defendant must produce discovery is from January 1, 2012 through January 30, 2019; or if it should be limited to 2015 and January 1, 2018 to January 30, 2019; and (3) whether defendant must produce all of the documents and information plaintiffs request.

## ENTITIES AND INDIVIDUALS

Plaintiffs have requested bank records pertaining to 95 entities and individuals that they allege have close ties to Hamas. Three of these are identified in plaintiffs' amended complaint as customers for whom defendant provided banking services and facilitated the transfer of hundreds of thousands of dollars, through which plaintiffs allege that defendant aided and abetted Hamas. Of the remaining 92, only 16 are mentioned at all in the amended complaint.

Plaintiffs are not entitled to discovery related to the 76 entities and individuals that are not even mentioned in the amended complaint. Their entire theory of the case rests on the fact that defendant knowingly assisted IHH, IUG, and Yaghmour, which in turn provided substantial assistance to Hamas' violent terrorist activities. Thus, bank records about other Hamas-affiliated customers, with no relation to the three named customers or the terrorist attacks that injured plaintiffs, are not relevant to plaintiffs' claim that defendant aided and abetted Hamas in carrying out the terrorist attacks that injured plaintiffs, nor are they proportional to the needs of the case. Plaintiffs cannot get discovery on every entity and individual that they can identify with links to Hamas and Turkey, without any allegations linking them to the attacks or bank customers at issue in this case.[1]

---

[1] This ruling denying discovery as to the 76 entities and individuals not included in the amended complaint is without prejudice should plaintiffs find additional information through discovery to show that they are relevant to

In addition to the three customers discussed in the amended complaint, the Court will grant plaintiffs' request for discovery related to the 16 additional entities and individuals named in the amended complaint. The Court is satisfied that they have a sufficient relationship to plaintiffs' claim that discovery of their bank records is relevant and proportional.

## RELEVANT TIME PERIOD

Plaintiffs are not entitled to discovery from January 1, 2012 through January 30, 2019, given that the relevant terrorist attacks occurred in October and November 2015 and December 2018. The cases plaintiffs cite for the proposition that they are entitled to discovery predating the attacks by four years dealt with much more complex and numerous attacks than the ones at issue here. See King v. Habib Bank, 2023 WL 3558773 (S.D.N.Y. April 21, 2023); Miller v. Arab Bank, 2023 WL 2731681 (E.D.N.Y. March 31, 2023). Plaintiffs' allegations in their amended complaint do not come close to suggesting that that the attacks that injured plaintiffs in this case were planned or financed outside of these time frames, and in fact support defendant's proposed time limits on discovery. See Amended Complaint, Est. of Henkin v. Kuveyt Turk Katilim Bankasi A.S., No. 19-cv-5394 (E.D.N.Y. Oct. 28, 2022), ECF No. 48 ¶¶ 152, 170 (regarding the November 19, 2015 attack, "al-Harub purchased the Uzi that he used in the Schwartz Attack nine months before he perpetrated it;" regarding the December 13, 2018 attack, "[o]n December 13, 2018, Asem al-Barghuthi decided to commit another terror attack and become a 'shahid' (martyr)"). Accordingly, plaintiffs' discovery requests will be limited to defendant's proposed time periods, from January 1, 2015 to December 31, 2015 and from January 1, 2018 to January 30, 2019.

---

the matters at issue in this case. See Bartlett v. Societe Generale de Banque au Liban SAL, No. 19-cv-7, 2023 WL 2734641, at *8 n.13 (E.D.N.Y. March 31, 2023).

**DOCUMENTS AND INFORMATION**

Plaintiffs' first request for production requests "all account-related documents" for the specified entities and individuals, with account-related documents defined as including "account opening documentation," all Know Your Customer data created about the accountholder, internal reports, communications with or about the accountholder, "all account statements, all cancelled checks, and deposit slips." Regarding the request for account statements, defendant proposes to produce "account statement information, to the extent it exists" "from any current and savings accounts," and represents that this information will include everything "that exists on typical account statements." If defendant possesses actual account statements for the eight specified entities and individuals included in the first request for production (as narrowed above to include only those named in the amended complaint), it shall produce those. If defendant does not possess such account statements, it may produce the proposed account statement information instead.

Defendant refers several times to meeting its discovery obligations by producing documents and information related to "any current and savings accounts" held by the relevant entities and individuals. To clarify, defendant must produce discovery responsive to plaintiffs' first request for production, as the Court has clarified it, not just for the "current and savings accounts" for the relevant entities and individuals, but for all accounts maintained by defendant during the relevant time frame, even if those accounts have been closed.

Moreover, defendant must produce all of the requested documents and information within the relevant time period about IHH's transactions, not to be limited to only outgoing transactions or transactions above 2,500 Turkish lira (the equivalent of about $63). The transactions that IHH conducted through defendant, both incoming and outgoing, big and small, are relevant and

4

proportional to plaintiffs' claim that defendant aided and abetted Hamas by providing financial services to IHH.

As for the compliance files and communication information defendant has identified as complying with plaintiffs' request for production, defendant's proposed approach will satisfy its discovery obligations. The Court understands defendant not as attempting to limit its discovery obligations to a universe smaller than all relevant documents and information, but as identifying how it will go about finding the relevant documents and information it has in its possession.

Plaintiffs' second request for production is for "all fund transfers records" of 95 entities and individuals, which is defined to include, among other things, electronic funds transfers, letters of credit, bills of exchange, and guarantees. First, as established above, this request shall be limited to the entities and individuals named in the amended complaint and the relevant time period identified by the Court.

Second, the Court will limit discovery of the letters of credit, bills of exchange, and guarantees to those that relate to Gaza, the West Bank, or Hamas. Plaintiffs argue that there is "no discernable criteria for limiting" discovery this way, but in explaining why such categories of discovery are relevant, they state that "[w]hether Defendant facilitates terrorism by moving money *for Hamas* in the Palestinian Territories, or laundered financial support from Iran or Qatar *to Hamas* in Turkey, all such transactions are relevant." Plaintiffs' own definition of relevance makes clear that the only relevant documents and information will be those that relate to Hamas. Plaintiffs argue that "Defendant has not articulated a principled basis for determining Hamas-related and non-Hamas related transactions." The parties are instructed to meet and confer on a protocol to enforce this limitation.

5

## APPLICATION OF TURKISH LAW

"[I]t is beyond dispute that the Federal Rules of Civil Procedure provide the court with authority to issue discovery orders requiring the disclosure of information protected by foreign bank secrecy laws." Linde v. Arab Bank, PLC, 463 F. Supp. 2d 310, 314 (E.D.N.Y. 2006), aff'd, No. 04-cv-2799, 2007 WL 812918 (E.D.N.Y. March 14, 2007) (citing Société Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers, 357 U.S. 197, 204-06 (1958)) (additional citation omitted).

> When evaluating whether to order the production of information or documents in contravention of foreign law, courts consider the following factors, drawn from the Restatement (Third) of Foreign Relations Law § 442: (1) the importance to the investigation or litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine the important interests of the state where the information is located. Wultz v. Bank of China Ltd., 910 F. Supp. 2d 548, 552–53 (S.D.N.Y. 2012). Courts in the Second Circuit also consider: (6) the hardship of compliance on the party or witness from whom discovery is sought; and (7) the good faith of the party resisting discovery. Id. The fifth factor, consideration of the interests of the United States and the foreign state, is generally deemed to be the most important factor. Bartlett v. Societe Generale de Banque au Liban SAL, [No. 19-cv-7], 2023 WL 2734641, at *10 (E.D.N.Y. Mar. 31, 2023).

Averbach v. Cairo Amman Bank, No. 19-cv-4, 2025 WL 504612, at *2 (S.D.N.Y. Feb. 14, 2025), aff'd, 2025 WL 1725148 (S.D.N.Y. June 18, 2025).

Considering the importance to the litigation, the discovery at issue here is essential to plaintiffs' case. Without this discovery, "plaintiffs cannot prove the defendant's involvement in and knowledge of the financial transactions that are the basis of the plaintiffs' theory of liability" and personal jurisdiction. Linde, 463 F. Supp. 2d at 315. And as narrowed above, the requests are highly specific to plaintiffs' claim. There is no alternative means of securing the requested information. Defendant has not demonstrated that compliance with the discovery requests, as

6

limited, would present a hardship to it. On the other hand, the information originated outside of the United States and I do not find that defendant is resisting discovery in bad faith.

The "most important factor," however, tilts in favor of discovery. Bartlett, 2023 WL 2734641, at *10.

> Congress has expressly made criminal the providing of financial and other services to terrorist organizations and expressly created a civil tort remedy for American victims of international terrorism. . . . The discovery sought here is transactional and other evidence of precisely those financial and other services at which the statutes here are aimed. Without that discovery, the interests expressed in those statutes will be difficult if not impossible to vindicate in this action.

Linde, 463 F. Supp. 2d at 315 (internal quotation marks and quotation omitted). And "[a]lthough maintaining bank secrecy is an important interest of the foreign jurisdictions where the discovery sought here resides – indeed the United States has enacted similar bank secrecy protections – that interest must yield to the interests of combating terrorism and compensating its victims." Id.; see also Wultz v. Bank of China Ltd., 910 F. Supp. 2d 548, 559 (S.D.N.Y. 2012) ("When the U.S. interest in fully and fairly adjudicating matters before its courts is combined with its interest in combating terrorism, the U.S. interest is elevated to nearly its highest point, and diminishes any competing interests of the foreign state." (internal quotation marks and quotation omitted)).

The Court thus finds that a discovery order granting plaintiffs' motion to compel, as limited by the Court's rulings above, is appropriate.

## BIFURCATION

Because the Court has significantly narrowed plaintiffs' discovery requests, the Court rejects defendant's request to bifurcate jurisdictional and merits discovery. With the above limitations placed on plaintiffs' discovery requests, defendant cannot point to any intervening change that would dictate reconsideration of the Court's decision to allow jurisdictional and

merits discovery to proceed simultaneously.  See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013).

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       July 2, 2025

8