```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
    ESTATE OF EITAM HENKIN, et al.,          :
                                             :
                            Plaintiffs,      :    MEMORANDUM DECISION AND
                                             :    ORDER
             - against -                     :
                                             :    19-cv-5394 (BMC)
                                             :
    KUVEYT TÜRK KATILIM BANKASI A.Ş.,        :
                                             :
                            Defendant.       :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This case is before the Court on plaintiffs' motion for partial reconsideration of this Court's July 7, 2025 Memorandum Decision and Order granting in part and denying in part plaintiffs' motion to compel the production of certain documents and information.

## BACKGROUND

Plaintiffs (survivors and estates and heirs of victims killed in Hamas terrorist attacks) allege that defendant aided and abetted Hamas' terrorist attacks by providing banking services and facilitating the transfer of hundreds of thousands of dollars for three customers closely intertwined with Hamas' violent terrorist activities. A more detailed recounting of this case is set out in the Court's January 16, 2025 Memorandum Decision and Order, which, among other things, denied defendant's motion to dismiss except as to the personal jurisdiction issue, the decision on which was deferred pending discovery, and ordered that jurisdictional discovery proceed simultaneously with discovery on the merits. See Est. of Henkin v. Kuveyt Turk Katilim Bankasi A.S., No. 19-cv-5394, 2025 WL 218830 (E.D.N.Y. Jan. 16, 2025).

While engaging in discovery pursuant to the January Memorandum Decision and Order, several discovery disputes arose. Plaintiffs moved to compel (1) bank records pertaining to 95

entities and individuals that they allege have close ties to Hamas, not just the three alleged Hamas-affiliated customers identified in the amended complaint; (2) discovery from January 1, 2012 through January 30, 2019, rather than just from 2015 and from January 1, 2018 to January 30, 2019; and (3) all account related documents, compliance files, communications, and fund transfers records for the specified entities and individuals, not just account statement information from current accounts, specific compliance files and communications, or the fund transfers records related to Gaza, the West Bank, and Hamas.

In its July 7, 2025 Memorandum Decision and Order, this Court ruled that plaintiffs were entitled to discovery on the 19 individuals and entities mentioned in the amended complaint, but not the other requested 76. The Court also limited the time period of discovery to encompass January 1, 2015 to December 31, 2015 and January 1, 2018 to January 30, 2019. Regarding the request for account statements, defendant was ordered to produce all actual account statements in its possession for the relevant customers, and account statement information for all other accounts of relevant customers. The Court held that the compliance files and communication information defendant had identified as complying with plaintiff's request for production would satisfy defendant's discovery obligations. Finally, the Court limited the fund transfers records subject to discovery to those related to Gaza, the West Bank, and Hamas.

Plaintiffs move for reconsideration of two aspects of the Court's July 7, 2025 Memorandum Decision and Order: (1) the Court's limitation of the time period subject to discovery and (2) the Court's adoption of defendant's proposed limitations on the sources it would search for relevant internal communications.

**LEGAL STANDARD**

To succeed on a motion for reconsideration, the moving party must "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "A motion for reconsideration should be granted only when the [moving party] identifies [1] an intervening change of controlling law, [2] the availability of new evidence, or [3] the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and quotation omitted). "[A]dvancing a new or expanded argument does not warrant reconsideration . . . inasmuch as a motion for reconsideration is not a vehicle to offer additional support for an argument rejected previously by the Court." Walker v. City of New York, No. 12-cv-840, 2012 WL 6563044, at *3 (E.D.N.Y. Dec. 17, 2012) (internal quotation marks and quotations omitted). Nor should motions for reconsideration "be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

**DISCUSSION**

Plaintiffs argue that this Court's decision to limit the relevant time period for discovery to the years 2015 and 2018, as well as the first month of 2019, will limit plaintiffs' ability to prove that defendant "so 'systemically and pervasively' assisted Hamas that the Bank is liable for every attack that was a reasonably foreseeable consequence of that assistance." As the Supreme Court explained in Twitter, Inc. v. Taamneh, 598 U.S. 471, 505 (2023), the "fundamental question of aiding-and-abetting liability" is whether defendant "consciously, voluntarily, and culpably participate[d] in or support[ed] the relevant wrongdoing." Plaintiffs are correct that this question

3

can be answered in the affirmative if a defendant "so systemically and pervasively assisted [a terrorist organization] that [the] defendant[ ] could be said to aid and abet every single . . . attack" committed by the organization. Id. at 501. The Court notes its doubts that plaintiffs will be able to clear the "high bar" necessary to prove liability through systemic and pervasive assistance. Ashley v. Deutsche Bank Aktiengesellschaft, ---- F.4th ---, 2025 WL 2025448, at *16 (2d Cir. July 21, 2025). Even so, the Court acknowledges that, because plaintiffs may prove their case through a showing of such assistance, and because they must prove that defendant had knowledge of its customers' affiliation with Hamas, a longer time period of discovery is appropriate. Accordingly, the Court grants plaintiff's request to expand the time period of discovery to cover January 1, 2012 through January 30, 2019.

      Plaintiffs' second ground for reconsideration concerns plaintiff's request for discovery of all internal communications regarding certain alleged customers of defendant. Defendant's proposal was to comply with this request by searching defendant's "primary repository for customer inquiries, complaints, and other communications," and its "non-privileged emails to or from the relevant Relationship Manager(s)" for communications concerning the relevant customers. Defendant represented that, in Turkish banking, "most customer interactions are mediated through such Relationship Managers," and so internal communications about the relevant customers would go through the relationship managers. Plaintiffs' only response to this proposal was that defendant did not provide any evidence that most customer interactions go through relationship managers, and that "Defendant must produce all responsive records." What plaintiffs did not do, in their motion to compel or in their reply in support of the same, was identify any other sources that might contain internal communications or explain why defendant's proposal would not capture the requested information. Accordingly, the Court

4

adopted defendant's proposal, viewing it not as an attempt to limit its discovery obligations but as identifying where the discoverable documents and information would be.

Now, for the first time, plaintiffs identify in their motion for reconsideration other categories of documents they believe would contain discoverable internal communications to which they are entitled. If these categories of documents had been included in plaintiffs' original motion to compel, the Court would have considered them. But "advancing a new or expanded argument does not warrant reconsideration." Walker, 2012 WL 6563044, at *3 (internal quotation marks and quotation omitted). Because plaintiffs do not point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," Kolel, 729 F.3d at 104 (2d Cir. 2013) (internal quotation marks and quotation omitted), their motion for reconsideration of this portion of the Court's ruling is denied.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration is granted in part and denied in part. The relevant time period for discovery in this case shall be January 1, 2012 through January 30, 2019.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
      August 14, 2025