UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ESTATE OF EITAM HENKIN, et al., | : | |
| | : | |
| Plaintiffs, | : | Case No. 19-cv-05394 (BMC) |
| | : | |
| -against- | : | |
| | : | |
| KUVEYT TÜRK KATILIM BANKASI A.Ş., | : | |
| | : | |
| Defendant. | : | |

**ORDER REGARDING SEARCH, COLLECTION, AND PRODUCTION OF ESI AND HARD COPY DOCUMENTS**

It is hereby ordered that the terms of this Agreed Order Regarding Discovery, including Discovery of ESI shall apply to the collection and production of hard copy documents, things, and electronically stored information ("ESI") by parties in the above-captioned action.

## 1. DEFINITIONS

**1.1.** Custodian(s): Any individual whose Documents should be searched for potentially responsive Documents subject to negotiated search parameters.

**1.2.** Document Family: A collection of related pages or files as maintained in the ordinary course of business but consisting of more than a single stand-alone record. A "parent Document" is an electronic file that attaches or embeds at least one other electronic file (a "child Document"). A "Document Family" includes, for example, emails with attachments, or MSOffice files embedded within another MSOffice Document.

**1.3.** Document(s): This term shall have the same definition as set forth in Federal Rules of Civil Procedure 26 and 34.

**1.4.** Search Term: A word, combination of words, or phrase joined by proximity and Boolean connectors or other syntax designed to capture potentially responsive ESI.

**1.5.** <u>Extracted Text</u>: The text extracted from a Document, including all header, footer, and Document body information when available.

**1.6.** <u>Load File</u>: An electronic file containing information identifying a set of paper scanned images or processed ESI and indicating where individual pages or files belong together as Documents, including emails and their associated attachments, and where each Document begins and ends. A Load File may also contain data relevant to the individual Documents, including extracted and user-created Metadata.

**1.7.** <u>Metadata</u>: The structural information of a file that contains data about the file, as opposed to describing the content of a file.

**1.8.** <u>Native Format</u>: The file type or format, respectively, in which ESI was originally created and/or is normally created, viewed, or modified.

**1.9.** <u>Privileged Information</u>.  Information contained in any Documents, communications, or tangible things that is subject to a claim of attorney-client privilege, attorney work product protection, or any other privilege, immunity, or protection from production or disclosure.

## 2.  SEARCH LOCATIONS AND TERMS

**2.1.  Locations and Sources to Search.**  The parties agree to search for responsive paper documents, things, and ESI from locations and/or sources of data within each party's possession, custody, or control.  With respect to ESI, such sources ("ESI Sources") may include email systems, network drives or cloud storage accounts.  If information obtained during discovery leads a party to believe there is good cause to search for or produce ESI from another source, the parties agree to meet and confer in good faith.

**2.2.  Searches of Certain Directories Within Devices**.  The parties agree that if, after a reasonable investigation, a party believes in good faith that responsive ESI that is proportional to

the needs of the case is likely to reside only in particular directories, subfolders, or other discrete subparts of the storage system of an ESI Source (including, but not limited to, cell phones, tablet devices, desktop or laptop computers, network drives or cloud storage accounts), then that party is not required to review or apply Search Terms to search the entirety of the storage system of the ESI Source, and instead shall be permitted to identify potentially responsive documents by, for example, reviewing documents from particular Custodians or in the particular subfolder or discrete subpart of the ESI Source's storage system or other source identified as likely to contain responsive, proportional, non-duplicative ESI.

**2.3. De-NISTing.** Each party will use its best efforts to exclude from collection and production those files with hash values identical to those included in the National Software Reference Library reference data set (RDS Hash), a sub-project of the National Institute of Standards and Technology ("NIST"), of known traceable system and application files by using a commercially reasonable hash identification process. This process is commonly referred to as "De-NISTing."

## 3.   PRODUCTION FORMAT

**3.1.   Contents of Production.** Productions shall have four directories:

(1) IMAGES for the document images;
(2) DATA for the .dat Metadata Load File and .opt image Load Files;
(3) TEXT containing the Extracted Text from the original native file (whether or not the document is produced in native or TIFF format) and OCR files for hard copy documents and any redacted TIFF files; and
(4) NATIVES containing the original native files.

**3.2.   Load Files**. Each production of ESI and Hard Copy Documents shall be accompanied by comma delimited Load Files (.dat and .opt). The .dat file shall contain all fielded data for the production, including the beginning Bates number for each record, the relative path to the text files for each record, and, for native files, the relative path to the native file for each record. The .opt files provide image cross reference files for all TIFF images (including native placeholders and

placeholder docs for family members withheld for privilege or work-product protection) and shall identify document breaks for an image.

**3.3.** OCR or Extracted Text files shall be document level text files (i.e., a single extracted text file per document).

**3.4 Image Files.**

**3.4.1.** Unless otherwise specified in this Protocol, Paper and ESI documents must be produced in single page TIFF format with image resolution of at least 300 DPI.

**3.4.2.** Each TIFF image shall be named after the document production number assigned to the TIFF image. Each page produced shall be labeled with a unique production number ("Bates number"). In addition, the confidentiality designation, if any, shall appear on the TIFF image. To the extent possible, the Bates number and the confidentiality designation shall appear in the margins of the TIFF image. Confidentiality designations shall not be placed diagonally across documents in a manner that obscures anything present in the TIFF image.

**3.4.3.** Each TIFF file of an ESI document must be created directly from the original native electronic document and must preserve the integrity of the underlying ESI (*e.g.*, formatting). TIFF images created from word processing and/or PowerPoint files that have been redacted and TIFF'd will be produced with track changes and comments (or speaker notes) revealed on the TIFF image. A party may not create a TIFF format file of an electronic document by printing out a paper copy of that electronic document and then scanning that paper copy to create the TIFF file. The only exception to this is a situation where a document is not reasonably legible when converted into TIFF and is a non-standard file type that is not reasonably

legible by the requesting party in Native Format or upon a Court order or agreement of the parties.

**3.4.4.** Each TIFF image may be in black and white. If any documents are not fully legible in TIFF because of their use of color, the nature of the documents, or processing issues, the requesting party may ask the producing party to produce the documents in Native Format, which request shall not be unreasonably denied.

**3.5 Native Files.**

**3.5.1** The parties shall produce Microsoft Excel spreadsheets, Microsoft Access databases, Microsoft PowerPoint files (or their equivalent), audio and video ESI in Native Format, and Microsoft Word documents for which the Metadata indicates there are comments, unless such materials contain privileged information. Additionally, the receiving party can request the reasonable production of any other document in Native Format and such request shall not be unreasonably denied.

**3.5.2.** Each native file shall be accompanied by a TIFF placeholder and named to match the endorsed Bates number on the corresponding TIFF image placeholder page. The TIFF placeholder shall be marked with the confidentiality designation, if any. All native files that are part of a family of documents (*e.g.*, TIFF parent email and native attachment) shall be produced with all family relationships intact using the BegAttach and EndAttach fields to maintain the family relationship. If a native file is produced for which a TIFF image(s) has already been produced, the native file shall be named in a manner consistent with the production number of the first page of the TIFF image(s).

**3.5.3.** All native files produced shall retain their original file extensions, unless a party determines that a native file has the wrong extension or no extension, in which case the producing party may correct or provide the appropriate extension.

**3.6 Redacted or Withheld Documents.**

Any redacted material must be clearly labeled as having been redacted.

**3.6.2** The producing party may redact Privileged Information and, if not relevant to the litigation, social security numbers or their Turkish equivalent. Parties will not redact information on the basis of relevance alone without promptly seeking a protective order from the Court. To the extent possible while collecting and reviewing materials and prior to their production, the producing party will identify for the receiving party the bases for anticipated redactions beyond those enumerated in this paragraph, and the anticipated scope of such redactions. The producing party will provide a log of all redactions made in its production and will meet and confer with the receiving party regarding redactions as needed. To the extent the receiving party disputes the bases of the producing party's redactions, the producing party will remove the redactions or seek Court approval of the redactions. The receiving party reserves the right to challenge the bases for redaction.

**3.6.3.** The redacted text shall not be included in a redacted document's text file. Where a responsive document contains both redacted and nonredacted content, the producing party shall produce the remainder of the non-redacted portions of the document unless otherwise agreed to by the parties.

**3.6.4.** Redacted versions of documents, whether required to be produced in Native Format or TIFF format, may be produced as TIFF image files and OCR text in lieu of

Extracted Text. If the document would otherwise have been produced in Native Format under this Protocol, all other requirements for TIFF images must be met. If a native document that requires redaction is difficult to convert to TIFF or is not reasonably legible when converted to TIFF format, the producing party can redact in Native Format if technically feasible.

**3.6.5.** When one or more but fewer than all Document Family members are withheld, a Bates stamped, TIFF-image placeholder will be produced in lieu of the withheld family document and shall be in the same position in the family as if the document had been produced.

**3.7 Families of Documents.** The parties anticipate they will encounter "families" of documents, which may include a "parent" email or document and one or more "child" attachments. Where any child document is responsive, then the parent email or document must also be marked responsive.

**3.7.1** **Modern Attachments.** The parties agree to address modern attachments consistent with the provisions in this ESI Protocol to the extent technically feasible. The parties agree to meet and confer regarding any issues identified by the producing or receiving party related to production of modern attachments.

**3.8 Extracted Text and OCR.**

**3.8.1.** The production shall include searchable text files (.txt) for all of the textual production documents to the extent reasonably possible. Such text files shall use the Unicode text format. For documents maintained by the producing party in image or hard copy (paper) form, the producing party shall create searchable text files using Optical Character Recognition ("OCR") technology. For documents

maintained by the party in electronic form, the producing party should use the Extracted Text of the "native" file whenever possible. To the extent a document is redacted or Extracted Text is missing or of poor quality, the party should create searchable text files using OCR technology. The searchable text files should be created on a document level and be named to correspond to the first page Bates number of the corresponding document being produced (e.g. ABC000001.txt). Searchable text files shall be in a file folder separate from the associated production images.

**3.8.2.** For native documents, the file name of each Extracted Text file should be identical to that of the Bates number assigned to the corresponding native document.

**3.8.3.** Regardless of whether the document is produced in native or TIFF format, the text should be extracted directly from the native file.

**3.8.4.** If a document is a native file that is TIFF'd and redacted, Optical Character Recognition may be applied to the document (following conversion to TIFF), and the resulting OCR text will suffice in place of Extracted Text.

**3.9 Foreign Language Documents**: To the extent that Documents contain languages other than English, in whole or in part, the responding party shall produce each such Document in the original language or languages in which it was written when collected. The following terms will also apply to the production of foreign language Documents:

(a) The responding party shall make reasonable efforts to ensure that all technologies and processes used to collect, process, and produce the text of any

Document, including all TIFF conversion and OCR processes, and the extraction of text from Native Files, preserves all foreign language text, punctuation, and other characteristics as they exist in the source Native File.

(b) To the extent reasonably and technically possible, foreign language text files shall be delivered in UTF-8 and be Unicode compliant, with the correct encoding to enable the preservation of the Documents' original language.

**3.10  De-duplication.**

**3.10.1.** Exact duplicate documents can be globally de-duplicated across all Custodians only where there is bit-for-bit identity of the document content and Metadata with exact Hash Value matches determined by MD5, SHA-1, or SHA26 algorithms.

**3.10.2.** A producing party, in the first instance, may not use email thread suppression to exclude email from its production. However, the producing party may use email threading only for purposes of efficiency in reviewing documents.

**3.11  Encrypted Data.** A producing party shall make reasonable efforts to (a) assess the responsiveness of encrypted or password protected files based on available filename metadata and (b) produce responsive files in unencrypted form. Where potentially responsive documents are not reasonably accessible, parties shall meet and confer concerning the logging of those documents.

**3.12  Load Files and Metadata.**

**3.12.1. Universal Fields**.  For all paper documents and ESI, the parties agree to provide Load Files with the following universal fields:

| Exemplary Field Name | Description |
| --- | --- |
| BegBates | The beginning Bates number of a document. |
| EndBates | The ending Bates number of a document. |

| | |
|---|---|
| BegAttach | First page number of the parent document of the family. |
| EndAttach | Last page number of the last child attachment of the family. |
| PgCount | The number of pages comprising a document produced in TIFF format file. |
| Custodian | The Custodian from whom each document was retrieved, subject to section 3.12.1.1 below. |
| ProdVolume | Identifies the production media deliverable. |
| Record Type | Identifies the type of Document or ESI ("E-mail," "Hard Copy," "Spreadsheet," etc.). |
| Redacted | Indicate whether the document has redactions (Y/N). |
| Text File | Location of the text file, relative to the root of the volume. |
| Native File | For documents produced natively, a link to the location of the native file, relative to the root of the volume. |
| All Custodians | When documents have been globally deduplicated, the names of the other Custodians who also possessed the document. |
| Confidentiality | The confidentiality designation, if any. |

**3.12.1.1** The parties agree to provide the "Custodian" field for documents collected from an individual (including ESI from the individual's email systems, network drives or cloud storage accounts, cell phones and other mobile or tablet devices, and desktop and laptop computers, and other sources) where the Custodian is reasonably known. For documents collected from shared locations (*e.g.*, network drives or cloud storage systems with multiple users), databases, and systems that incorporate databases, the "Custodian" field shall indicate the name of the shared location or database and, if reasonably identifiable, the author(s) of each document. The parties do not need to provide the "Custodian" field for documents where the "Custodian" is not reasonably known.

**3.12.2. Metadata**.

**3.12.2.1.** For all ESI, regardless of whether it is produced in TIFF format file or as a native file, the producing party will produce a Load File containing Metadata. To the

extent they are reasonably available, the Metadata values that are to be extracted

and produced in the Load Files are outlined below:

| Metadata from Email ESI Files | |
|---|---|
| **Exemplary Field Name** | **Description** |
| From | The person who sent the email. |
| To | The addressee(s) of the email. |
| CC | The person(s) to whom a copy of the email was addressed. |
| BCC | The person(s) to whom a blind copy of the email was addressed. |
| Subject | The subject of the email. |
| Received Date | The date the email was received by the recipient. |
| Received Time | The time the email was received by the recipient. |
| Sent Date | The date the email was sent. |
| Sent Time | The time the email was sent. |
| Page Count | Number of printed pages in the document. |
| MD5 Hash | The MD5 hash code value for the email. |

| Metadata from Non-Email ESI Files | |
|---|---|
| **Exemplary Field Name** | **Description** |
| File Name | The file name of an electronic document. |
| File Author | The author of an electronic document. |
| File Created Date/Time | The date/time an electronic document was created. |
| File Modified Date/Time | The date/time an electronic document was last modified. |
| Last Saved By | Last saved/modified by property of a document. |
| Native Path | Relative file path to produced Native file (named per BegBates number). |
| File Extension | The file extension of an electronic document. |
| Page Count | Number of printed pages in the document. |
| File Type | Application type. |
| MD5 Hash | The MD5 hash code value for an electronic document. |

**3.12.2.2** Metadata that reveals privileged or redacted information may be withheld.

**3.12.2.3** By agreeing to produce specific categories of Metadata that are reasonably

available, no party is representing that any particular category of Metadata exists

or is reasonably available.

**3.12.3. Attachments**.  For all documents that contain an attachment or attachments, the following fields should be produced as part of the Metadata Load File to provide the parent/child or parent/sibling relationship.

| Exemplary Field Name | Description |
|---|---|
| BegAttach | First page number of the parent document of the family. |
| EndAttach | Last page number of the last child attachment of the family. |
| AttachRange | Bates Number of the first page of the parent item to the Bates Number of the last page of the last attachment "child" item |
| ParentID | Indicates the Parent ID for an attachment or embedded document. The parent document ID field should be set for all attachments (including attachments that are emails) but should not be set for parents. |

## 4. MEDIA FOR DELIVERY OF PRODUCTION

**4.1.**  Document production must be delivered to the requesting party on CD, DVD, FTP, link, or other electronic format of the type readily accessed and viewed by a Windows-based personal computer.  Production media shall be encrypted for security purposes with Windows Bitlocker or Windows 7-Zip AES-256.  The decryption passwords shall be provided separately.

## 5. PRIVILEGE LOGS

**5.1  Generally**.  The parties agree to exchange logs of withheld and redacted documents as contemplated by the Federal Rules of Civil Procedure, this Court's Local Rules, and the Protective Order.

**5.2**  Non-privileged members of a Document Family shall not be withheld solely because of a privileged family member.

**SO ORDERED**.

Dated:  Brooklyn, New York
      January 26, 2026

_Brian M. Cogan_
            U.S.D.J.